**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE INDEMNITY COMPANY; ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY; ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY | : NO. 5:16-cv-04276-EGS :  :  :  : |
| v. | : : JURY TRIAL DEMANDED |
| ELECTROLUX HOME PRODUCTS, INC. | : |

**DEFENDANT ELECTROLUX HOME PRODUCTS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE EVIDENCE OF ELECTROLUX'S TRANSITION TO THE BULKHEAD DRYER DESIGN**

Defendant Electrolux Home Products, Inc. ("Electrolux"), through its counsel, files the within Memorandum of Law in Support of its Motion in Limine requesting that this Honorable Court enter an Order precluding evidence of regarding Electrolux's transition from the ball-hitch dryer design to the bulkhead dryer design at trial.

**I.    STATEMENT OF FACTS**

The eight dryers at issue in this case were manufactured, in part, by Electrolux from February 2003 to April 2008. In 2008, Electrolux began manufacturing a new product line of dryers using the bulkhead design in order to provide customers with larger load capacity. The bulkhead design dryer was manufactured with a 7.0 and 8.0 Cu. Ft. drum capacity in contrast to the ball-hitch design dryer, which was manufactured with a 5.7 Cu. Ft. drum capacity. The bulkhead design uses a two-piece drum, which is affixed to the front and the back of the dryer and rotates on rollers. By contrast, the ball-hitch design uses a one-piece drum. The drum rotates on a single, center mounted ball bearing at the rear and glides in the front.

Electrolux anticipates that, at trial, Allstate will offer evidence that Electrolux began manufacturing dryers with the bulkhead design in an effort to prove that a defect existed in the ball-hitch design, that a different warning or instruction was needed with the ball-hitch design, or that Electrolux was negligent as a consequence of either. And while Electrolux does not seek to preclude all evidence about the bulkhead design (for instance, evidence about the use of the bulkhead design by other dryer manufacturers), Electrolux's: 1) manufacture of dryers with the bulkhead design; and 2) reduced number of dryers manufactured with the ball-hitch design both constitute subsequent remedial measures that are inadmissible under Rule 407.

**II.    LEGAL ARGUMENT**

Rule 407 of the Federal Rules of Evidence prohibits the admission of evidence about subsequent remedial measures:

> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction.

Fed. R. Evid. 407. An action constitutes a subsequent remedial measure even if that action does not address a specific defect in the product. *See e.g., Pennsylvania Trust Co. v. Dorel Juvenile Group, Inc.*, 851 F.Supp.2d 831, 848 (E.D. Pa. 2011) (decision to stop manufacturing a product held to be an inadmissible subsequent remedial measure even though defendant's employee testified that production stopped because sales were down) (citing *Compl. of Consolidation Coal Co.*, 123 F.3d 126, 136 (3d Cir. 1997)); *Buckman v. Bombardier Corp.*, 893 F. Supp. 547, 554 (E.D.N.C. 1995) ("Objectively, the engine stop recall letter functions as a subsequent remedial measure under Rule 407 regardless of whether it addresses conduct or a defect in the product."). Here, Allstate's expert has included the "Alternative Bulkhead Design Incorporated by Electrolux: Frigidaire Affinity 7.0" in their "Comparison of Various Dryer Designs." (*See* Report

of M. Stoddard at p. 28, attached hereto as Exhibit A.) He goes on to state: "It is the opinion of the Wright Group that the dryers manufactured by Electrolux using the 7.0 Cu. Ft. dryer designs (Bulkhead) are significantly safer in relation to property loss, personal injury and death than their previous dryer design (Ball-Hitch) was." (*Id.* at p. 32.) According to Allstate's theory of the case, Electrolux's decision to manufacture bulkhead dryers is therefore a subsequent remedial measure.

Rule 407 provides limited bases for the admission of evidence about subsequent remedial measures. Specifically, a "court may admit this evidence for another purpose, such as impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures." Fed. R. Evid. 407. In other cases between Electrolux and Allstate arising out of dryer fires, courts in this District have permitted Allstate to offer evidence about Electrolux's decision to begin manufacturing bulk-head dryers on the basis that such evidence was relevant to the feasibility of the bulkhead design. *See, e.g., Vitale v. Electrolux Home Prods., Inc.*, No.15-cv-1815, 2018 WL 3868671, at *20 (E.D. Pa. Aug. 14, 2018) ("In [*Cloud v. Electrolux Home Products, Inc.*, No. 15-00571], Judge Pappert anticipated some concern that evidence of Electrolux's later adaptation of the bulkhead design may lead to objections under Rule 407 . . . . As noted in *Cloud*, evidence of subsequent remedial measures, such as adopting the bulkhead design, is admissible for the purposes of showing that design changes were feasible.").

Electrolux does not dispute the feasibility of the bulkhead design. With no dispute on that issue, evidence about Electrolux's decision to manufacture bulkhead dryers is not admissible. The text of Rule 407 confirms as much. Fed. R. Evid. 407 (providing for the admission of subsequent remedial measure evidence to prove feasibility of an alternative design only if that issue is "disputed"); *see also Buckman*, 893 F. Supp. at 554; *Torres v. Rock & River Food Inc.*,

201 F. Supp. 3d 1373, 1374 (S.D. Fla. 2016) (excluding evidence of defendant's adoption of a new timekeeping system, noting, "although [Rule 407] explicitly permits that use of subsequent remedial measures to show the feasibility of precautionary measures, this should be permitted only if the feasibility of precautionary measures is in dispute. Currently, there is no dispute regarding the feasibility of precautionary measures."). Rule 407's broad prohibition of subsequent remedial measures therefore applies to both Electrolux's reduction in the manufacture of ball-hitch dryers and decision to manufacture bulkhead dryers.

### III. CONCLUSION

For all of the foregoing reasons, Electrolux respectfully requests that this Honorable Court grant its Motion in Limine and enter an Order precluding any evidence, arguments or references to Electrolux's: 1) manufacture of dryers with the bulkhead design; and 2) reduced number of dryer manufactured with the ball-hitch design.

Respectfully submitted,

NICOLSON LAW GROUP LLC

BY:   /s/ Melissa L. Yemma
CHERYL M. NICOLSON, ESQ.
Attorney I.D. No. 57422
MELISSA L. YEMMA, ESQ.
Attorney I.D. No. 92194
Rose Tree Corporate Center II
1400 N. Providence Road, Suite 6035
Media, PA 19063
(610) 891-0300
nicolson@nicolsonlawgroup.com
yemma@nicolsonlawgroup.com

JONATHAN F. FECZKO, ESQ.
Admitted *Pro Hac Vice*
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
(216) 696-3161

jonathan.feczko@tuckerellis.com

*Attorneys for Defendant Electrolux Home Products, Inc.*

DATE: January 8, 2019

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE INDEMNITY COMPANY; ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY; ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY<br><br>v.<br><br>ELECTROLUX HOME PRODUCTS, INC. | : NO. 5:16-cv-04276-EGS<br>:<br>:<br>:<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED<br>: |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Memorandum of Law in Support of Electrolux Home Products, Inc.'s Motion in Limine to Preclude Evidence of Electrolux's Transition to the Bulkhead Dryer Design was served electronically on the date stated below, upon the following:

Raymond E. Mack, Esquire
Patrick A. Hughes, Esquire
de Luca Levine, LLC
Three Valley Square
512 E. Township Line Road, Suite 220
Blue Bell, PA 19422

NICOLSON LAW GROUP LLC

BY:   /s/ Melissa L. Yemma
CHERYL M. NICOLSON, ESQ.
Attorney I.D. No. 57422
MELISSA L. YEMMA, ESQ.
Attorney I.D. No. 92194
Rose Tree Corporate Center II
1400 N. Providence Road, Suite 6035
Media, PA 19063
(610) 891-0300
nicolson@nicolsonlawgroup.com
yemma@nicolsonlawgroup.com

JONATHAN F. FECZKO, ESQ.
Admitted *Pro Hac Vice*
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
(216) 696-3161
jonathan.feczko@tuckerellis.com

*Attorneys for Defendant Electrolux Home Products, Inc.*

DATE: January 8, 2019