**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE INDEMNITY COMPANY; ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY; ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY | : NO. 5:16-cv-04276-EGS<br>:<br>:<br>:<br>: |
| v. | :<br>: |
| ELECTROLUX HOME PRODUCTS, INC. | : JURY TRIAL DEMANDED<br>: |

**DEFENDANT ELECTROLUX HOME PRODUCTS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE THE ADMISSION OF EVIDENCE ABOUT OTHER DRYER FIRES THAT DOES NOT ARISE OUT OF <u>SUBSTANTIALLY SIMILAR INCIDENTS</u>**

Defendant Electrolux Home Products, Inc. ("Electrolux"), through its counsel, files the within Memorandum of Law in Support of its Motion in Limine seeking to preclude the admission of evidence about other dryer fires (including claims and warranty data) that does not arise from substantially similar incidents.

**I.     INTRODUCTION AND STATEMENT OF FACTS**

Electrolux anticipates that Allstate will seek to introduce evidence – primarily in the form of claims and warranty data – concerning other dryer fires allegedly caused by Electrolux-manufactured dryers. Allstate's presumed use for this evidence is to establish that the dryers at issue were defective. Such evidence should be limited, however, to incidents demonstrated to be substantially similar to the fires in this case. Electrolux respectfully urges the Court to adopt the standard previously set in this District and limit evidence of other incidents to those that "involve[ed] (1) ball-hitch dryers, (2) that caught fire, (3) under circumstances where there was evidence of or allegations of lint accumulation," provided they also qualify under an exception to the rule against hearsay as necessary. *Vitale v. Electrolux Home Prods., Inc.*, Case No. 2:15-cv-

1815, 2018 WL 3868671, at *17 (E.D. Pa. Aug. 14, 2018) (quoting *Cloud v. v. Electrolux Home Prods., Inc.*, Case No. 2:15-cv-571 (E.D. Pa. Jan. 30, 2017)). Last, given the amount of evidence potentially at issue, Electrolux respectfully suggests that the Court require that Allstate make the requisite showings on substantial similarity and hearsay in advance of trial.

## II.     LEGAL ARGUMENT

### A.     Before "other incidents" evidence is admitted, the proponent of that evidence must prove substantial similarity.

Under Federal Rule of Evidence 401, evidence of prior accidents is admissible only if the proponent of the evidence shows "that the other accidents occurred under circumstances substantially similar to those at issue in the case at bar." *Sweitzer v. Oxmaster, Inc.*, No. 09-5606, 2011 WL 721907, at *2 (E.D. Pa. Mar. 2, 2011) (internal quotations omitted). A party seeking to offer such evidence must demonstrate "sufficient similarity between an 'other accident' and [their] story of how [the instant] accident occurred so that the admission of evidence 'will make the existence of a fact that is of consequence to the determination of the action more probable.'" *Id.* (quoting Fed. R. Evid. 401) (citations omitted). In *Sweitzer*, the court emphasized the importance of demonstrating substantial similarity where evidence of other incidents is offered to prove defect:

> This foundational requirement of establishing substantial similarity is especially important in cases where the evidence is proffered to show the existence of a design defect . . . . In such cases, the jury is invited to infer from the presence of other accidents that a design defect existed which contributed to the plaintiffs' injuries . . . . Accordingly, the proponent of "other accident" evidence may not rely on allegations that the accidents are similar . . . and it is insufficient merely to show that the previous accidents involved the very product at issue in the current litigation.

*Sweitzer*, 2011 WL 721907 at *2 (citing *Barker v. Deere and Co.*, 50 F.3d 158, 162-63 (3d Cir. 1995). The burden is on the proponent of the evidence to demonstrate that the prior incidents

involved the same or similar circumstances. *See Schmidt v. Duo-Fast Corp.*, No. 94-6541, 1995 WL 648471, at *2 (E.D. Pa. Oct. 30, 1995); *see also Barker*, 60 F.3d at 162-63 (3d Cir. 1995) ("[E]very court of appeals to have considered this issue agrees that when a plaintiff attempts to introduce evidence of other accidents as direct proof of a design defect, the evidence is admissible only if the proponent demonstrates that the accidents occurred under circumstances substantially similar to those at issue in the case at bar.").

The burden is substantial. For example, in *Sweitzer*, the court precluded admission of "other accidents" evidence because the plaintiffs failed to demonstrate precise similarities between prior incidents involving industrial "paste mixing" machines and the allegedly defective product at issue. *See Sweitzer*, 2011 WL 721907 at *3-5. The court stressed that the plaintiffs failed to present factual similarities to meet their evidentiary burden. *Id.* The court noted that, while "[t]he briefing suggests that the two machines had similar components . . . even this information cannot substantiate finding substantial similarity." *Id.* at *4. Because the plaintiffs merely "provided a conclusory statement that the [prior] accidents would not have happened if the design defects had not existed," the court determined that there was no evidence to show the precise circumstances under which any of the accidents occurred; therefore, the burden of showing the prior accidents' relevance was not met. *See id.* at *5.

**B.    Before Allstate can introduce claims and warranty data, it must show substantial similarity between the other incidents and the fires in this case.**

Two prior decisions from this District applied this well-established reasoning to limit the introduction of evidence concerning other incidents – including claims and warranty data – in dryer fire cases between Electrolux and Allstate. In *Vitale*, Magistrate Judge Richard A. Lloret, following the reasoning of Judge Gerald J. Pappert from *Cloud v. Electrolux Home Products, Inc.*, determined that claims and warranty data was admissible only where the related incidents

"involve[ed] (1) ball-hitch dryers, (2) that caught fire, (3) under circumstances where there was evidence of or allegations of lint accumulation." *Vitale*, 2018 WL 3868671 at *17 (quoting *Cloud v. v. Electrolux Home Prods., Inc.*, No. 2:15-cv-571, Doc. No. 136-1 at 9 (E.D. Pa. Jan. 30, 2017)). Magistrate Judge Lloret applied identical limitations to evidence about fires involving other dryers. *See id*. at *18. Further, the Court "caution[ed] the parties" that "the contents of claims and warranty reports consisting of statements made by customers to Electrolux may be admitted only if qualified under an exception to the rule against hearsay." *Id*. at *17.

The *Vitale* and *Cloud* decisions strike an appropriate balance between the unfettered admission of other incidents and an undue limitation to circumstances identical to the eight claims at issue. Electrolux therefore respectfully urges the Court to adopt the same standard for the admission of claims and warranty data in this case. Moreover, as noted in both *Vitale* and *Cloud*, "[a]ssertions made by customers reporting damage or defect will likely be offered for the truth of the matter asserted." *Vitale*, 2018 WL 3868671 at *17; *Cloud* at p. 10, n.2. Such statements are hearsay within hearsay and as such must meet hearsay exceptions to be admissible.

Finally, although the Court in *Vitale* determined that arguments about the admissibility of claims and warranty data "will be heard as they arise at trial," Electrolux respectfully suggests that it would be more efficient to require such showing before the start of trial. *Vitale*, 2018 WL 3868671 at *17. Were this a case in which specific prior incidents would be discussed on an individual basis, a case-by-case approach would be manageable. But given that Allstate has suggested in briefing that it could seek to admit as many as "6,000 personal injury, wrongful death or property damage claims allegedly arising from ball-hitch dryer fires," such a sidebar

could easily absorb multiple trial days. (*See, e.g.*, Doc. 111-1 at 3.) Determining the admissibility of claims and warranty data prior to trial will permit the resolution of these issues without significant downtime for the jury or lengthening of the trial.

## III.   CONCLUSION

For the foregoing reasons, Electrolux respectfully requests that the Court grant its Motion in Limine and: (a) preclude the admission of other incidents (including claims and warranty data) where Allstate fails to demonstrate that they "involve[ed] (1) ball-hitch dryers, (2) that caught fire, (3) under circumstances where there was evidence of or allegations of lint accumulation;" (b) preclude the admission of other incidents (including claims and warranty data) where Allstate fails to meet a hearsay exception; and (c) address the admissibility of other incidents (including claims and warranty data) prior to trial in this case.

Respectfully submitted,

NICOLSON LAW GROUP LLC

BY:   /s/ Melissa L. Yemma
CHERYL M. NICOLSON, ESQ.
Attorney I.D. No. 57422
MELISSA L. YEMMA, ESQ.
Attorney I.D. No. 92194
Rose Tree Corporate Center II
1400 N. Providence Road, Suite 6035
Media, PA 19063
(610) 891-0300
nicolson@nicolsonlawgroup.com
yemma@nicolsonlawgroup.com

JONATHAN F. FECZKO, ESQ.
Admitted *Pro Hac Vice*
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
(216) 696-3161
jonathan.feczko@tuckerellis.com

*Attorneys for Defendant Electrolux Home Products, Inc.*

DATE: <u>January 8, 2019</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

ALLSTATE INSURANCE COMPANY; ALLSTATE      :   NO. 5:16-cv-04276-EGS
INDEMNITY COMPANY; ALLSTATE PROPERTY &    :
CASUALTY INSURANCE COMPANY; ALLSTATE     :
VEHICLE & PROPERTY INSURANCE COMPANY     :
                                          :
                v.                             :
                                          :   JURY TRIAL DEMANDED
ELECTROLUX HOME PRODUCTS, INC.             :

---

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing Memorandum of Law in Support of Electrolux Home Products, Inc.'s Motion in Limine to Preclude Evidence About Other Dryer Fires That Does Not Arise Out of Substantially Similar Incidents was served electronically on the date stated below, upon the following:

Raymond E. Mack, Esquire
Patrick A. Hughes, Esquire
de Luca Levine, LLC
Three Valley Square
512 E. Township Line Road, Suite 220
Blue Bell, PA 19422

NICOLSON LAW GROUP LLC

BY:    <u>/s/ Melissa L. Yemma</u>
          CHERYL M. NICOLSON, ESQ.
          Attorney I.D. No. 57422
          MELISSA L. YEMMA, ESQ.
          Attorney I.D. No. 92194
          Rose Tree Corporate Center II
          1400 N. Providence Road, Suite 6035
          Media, PA 19063
          (610) 891-0300
          nicolson@nicolsonlawgroup.com
          yemma@nicolsonlawgroup.com

JONATHAN F. FECZKO, ESQ.
Admitted *Pro Hac Vice*
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
(216) 696-3161
jonathan.feczko@tuckerellis.com

*Attorneys for Defendant Electrolux Home Products, Inc.*

DATE: January 8, 2019