IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE INDEMNITY COMPANY; ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY; ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY | : NO. 5:16-cv-04276-EGS : : : : |
| v. | : : |
| ELECTROLUX HOME PRODUCTS, INC. | : JURY TRIAL DEMANDED : |

**DEFENDANT ELECTROLUX HOME PRODUCTS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT ABOUT ELECTROLUX'S FAILURE TO RECALL OR RETROFIT ITS DRYERS**

Defendant Electrolux Home Products, Inc. ("Electrolux"), through its counsel, files the within Memorandum of Law in Support of its Motion in Limine requesting that this Honorable Court enter an Order precluding evidence and argument about Electrolux's failure to recall or retrofit its dryers from being introduced at trial.

**I.     STATEMENT OF FACTS**

This consolidated action arises out of eight fires that occurred on the properties of Allstate's insureds. This is a subrogation action in which Allstate seeks reimbursement of the money paid to its insureds pursuant to their insurance policies as a result of the fires. Allstate contends in each instance that a clothes dryer manufactured by Electrolux caused the fire and has asserted claims against Electrolux that the dryers were defective in design and warnings.

In the Complaint, Allstate alleges that, despite having knowledge of the purportedly defective condition of its dryers, "Electrolux has never issued a recall of the ball-hitch clothes dryer it manufactured for sale in the United States of American and the Commonwealth of Pennsylvania." (Pls.' First Am. Compl. (Doc. No. 26) at ¶ 28.) This allegation has no bearing on

Allstate's product liability claims in this case, however, as Pennsylvania law does not recognize the failure to recall or retrofit a product as a basis for liability.

## II. LEGAL ARGUMENT

### A. Evidence about the failure to recall or retrofit clothes dryers is irrelevant.

Only relevant evidence is admissible. Fed. R. Evid. 402. Evidence that is not relevant is not admissible. *Id*. Evidence is relevant if it has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401; *see also In re Tylenol (Acetaminophen) Mktg.*, No. 2:12-cv-07263, 2016 WL 3125428, at *1 (E.D. Pa. June 3, 2016). Relevant evidence is evidence having any tendency to make a fact of consequence in determining the action more or less probable than it would be without the evidence. *Id*; *see also Gumbs v. Int'l Harvester, Inc.*, 718 F.2d 88, 97 (3d Cir. 1983) ("For evidence to be relevant there must be some logical relationship between the proffered evidence and plaintiff's theory of the case.").

Any evidence about a purported failure to recall or retrofit Electrolux-manufactured clothes dryers is irrelevant and inadmissible because no such claim exists under Pennsylvania law. As recognized by numerous Third Circuit courts, Pennsylvania has consistently declined to impose a duty to recall or retrofit a product. *See, e.g., Boyer v. Case Corp.*, No. 97-4540, 1998 WL 205695, at *2 ("Pennsylvania does not recognize a duty to recall and retrofit.") (citing *Habecker v. Copperloy Corp.*, 893 F.2d 49, 54 (3d Cir. 1990); *see also Talarico v. Skyjack, Inc.*, 191 F. Supp. 3d 394, 399 (M.D. Pa. 2016) (quoting *Padilla v. Black & Decker Corp.*, No. Civ. A 04-cv-4466, 2005 WL 697479, at * 7 (E.D. Pa. Mar. 24, 2005)).

The caselaw is clear that Pennsylvania recognizes no duty to recall or retrofit the dryers. *See, e.g., Talarico*, 191 F. Supp. 3d at 401 (dismissing the plaintiff's claims based on the

manufacturer's failure to recall or retrofit). Accordingly, evidence or argument about that failure makes no fact of any consequence more or less likely. Because evidence about the failure to recall or retrofit is irrelevant, it must be excluded at trial.

      **B.**     **Evidence about the failure to recall or retrofit clothes dryers is more prejudicial than it is probative.**

Even relevant evidence may be excluded if its probative value is "substantially outweighed" by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Rule 403 requires a district court to balance the prejudicial effect of evidence against its probative value. *Forrest v. Beloit Corp.*, 424 F.3d 344, 356 (3d Cir. 2005) ("Notwithstanding the potential relevance of such evidence under Rule 402, its probative value must be carefully balanced, pursuant to Rule 403, against its possible prejudicial effect.").

Evidence is prejudicial when it has "an undue tendency to suggest a decision on an improper basis." *Sweitzer v. Oxmaster, Inc.*, No. 09-5606, 2011 WL 721907, at *2 (E.D. Pa. Mar. 2, 2011) (internal citation omitted); *see also Bhaya v. Westinghouse Elec. Corp.*, 922 F.2d 184, 188 (3d Cir. 1990) (explaining "a textbook example of unfair prejudice" occurs when evidence suggests "that a party committed wrongs other than those at issue in a case . . . because such evidence may influence a jury to return a verdict based on a desire to punish for the other wrongs.").

Even if evidence about a failure to recall or retrofit the dryers had some relevance—and it does not—that evidence should still be excluded because any probative value is outweighed by the danger of unfair prejudice. If the jury is permitted to hear such evidence, they may consider it when deciding liability questions in this case – even though doing so would be improper because so such duty exists under Pennsylvania law. Accordingly, any probative value concerning the

failure to recall or retrofit the dryers is outweighed by the danger of unfair prejudice. Such evidence should therefore be excluded.

### III.   CONCLUSION

For all of the foregoing reasons, Electrolux respectfully requests that this Honorable Court grant its Motion in Limine and enter an Order precluding any evidence or argument about the failure to recall or retrofit Electrolux-manufactured clothes dryers.

                    Respectfully submitted,

                    NICOLSON LAW GROUP LLC

BY:   /s/ Melissa L. Yemma
        CHERYL M. NICOLSON, ESQ.
        Attorney I.D. No. 57422
        MELISSA L. YEMMA, ESQ.
        Attorney I.D. No. 92194
        Rose Tree Corporate Center II
        1400 N. Providence Road, Suite 6035
        Media, PA 19063
        (610) 891-0300
        nicolson@nicolsonlawgroup.com
        yemma@nicolsonlawgroup.com

        JONATHAN F. FECZKO, ESQ.
        Admitted *Pro Hac Vice*
        TUCKER ELLIS LLP
        950 Main Avenue, Suite 1100
        Cleveland, OH 44113
        (216) 696-3161
        jonathan.feczko@tuckerellis.com

        *Attorneys for Defendant Electrolux Home Products, Inc.*

DATE: January 8, 2019

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE INDEMNITY COMPANY; ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY; ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY<br><br>v.<br><br>ELECTROLUX HOME PRODUCTS, INC. | : NO. 5:16-cv-04276-EGS<br>:<br>:<br>:<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED<br>: |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Memorandum of Law in Support of Electrolux Home Products, Inc.'s Motion in Limine to Preclude Evidence or Argument About Electrolux's Failure to Recall or Retrofit Its Dryers was served electronically on the date stated below, upon the following:

        Raymond E. Mack, Esquire
        Patrick A. Hughes, Esquire
        de Luca Levine, LLC
        Three Valley Square
512 E. Township Line Road, Suite 220
        Blue Bell, PA 19422

        NICOLSON LAW GROUP LLC

BY:   /s/ Melissa L. Yemma
        CHERYL M. NICOLSON, ESQ.
        Attorney I.D. No. 57422
        MELISSA L. YEMMA, ESQ.
        Attorney I.D. No. 92194
        Rose Tree Corporate Center II
        1400 N. Providence Road, Suite 6035
        Media, PA 19063
        (610) 891-0300
        nicolson@nicolsonlawgroup.com
        yemma@nicolsonlawgroup.com

                                      JONATHAN F. FECZKO, ESQ.
                                      Admitted *Pro Hac Vice*
                                      TUCKER ELLIS LLP
                                      950 Main Avenue, Suite 1100
                                      Cleveland, OH 44113
                                      (216) 696-3161
                                      jonathan.feczko@tuckerellis.com

                                      *Attorneys for Defendant Electrolux Home Products, Inc.*

DATE: January 8, 2019