**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE INDEMNITY COMPANY; ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY; ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY | : NO. 5:16-cv-04276-EGS <br> : <br> : <br> : <br> : |
| v. | : |
| ELECTROLUX HOME PRODUCTS, INC. | : JURY TRIAL DEMANDED <br> : |

**DEFENDANT ELECTROLUX HOME PRODUCTS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE EVIDENCE OF AN <u>INVESTIGATION OF DRYER FIRES IN JAPAN</u>**

Defendant Electrolux Home Products, Inc. ("Electrolux"), through its counsel, files the within Memorandum of Law in Support of its Motion in Limine seeking to preclude evidence of an investigation of dryer fires in Japan.

**I.   STATEMENT OF FACTS**

From 2002-2004, there were 7 reported gas dryer fire incidents in Japan involving Electrolux-manufactured dryers that had been modified by a Japanese distributor prior to sale. Electrolux conducted an investigation to determine the root cause of the fires, which revealed that propone, ethane and butane were added to Japan's liquefied natural gas supply (City Gas 13A) thereby increasing its heating value. The gas dryers did not have the appropriate orifices to adjust for the higher heating values of Japan's City Gas 13A supply. Electrolux further learned that the gas dryers had been installed with venting that did not meet Electrolux's installation requirements. In some of the installations, there were screens covering the exhaust hoods and the venting was too long with too many turns contrary to Electrolux's installation instructions. Last, the dryers were designed for 120v/60Hz power supply, but most of the installations had a power

supply of 100v/50Hz. This difference in power supply was significant in that it lowered the capacity (*i.e.*, air flow) of the blower.

Electrolux anticipates that, at trial, Allstate will offer evidence of this investigation in an effort to prove that the dryers in this case were defective. Further, it is likely that Allstate will argue that "[i]n 2005, the Japanese government forced a recall on the ball-hitch clothes dryer manufactured by Electrolux" as a result of the fires in Japan. (*See* Pls'. Am. Compl. (Doc. No. 26) at ¶ 25.) There is no evidence that a recall was issued in Japan.

## II.     LEGAL ARGUMENT

### A.     Evidence of "other dryer fires" in Japan is inadmissible because Allstate has not met the burden of demonstrating that these other incidents are substantially similar to the incident at issue in this lawsuit.

Under Federal Rule of Evidence 401, evidence of prior accidents is admissible only if the proponent of the evidence shows "that the other accidents occurred under circumstances substantially similar to those at issue in the case at bar." *Sweitzer v. Oxmaster, Inc.*, No. 09-5606, 2011 WL 721907, at *2 (E.D. Pa. Mar. 2, 2011) (internal quotations omitted). A party seeking to offer such evidence must demonstrate "sufficient similarity between an 'other accident' and [their] story of how [the instant] accident occurred so that the admission of evidence 'will make the existence of a fact that is of consequence to the determination of the action more probable.'" *Id*. (quoting Fed. R. Evid. 401) (citations omitted). In *Sweitzer*, the court emphasized the importance of demonstrating substantial similarity where evidence of other incidents is offered to prove defect:

> This foundational requirement of establishing substantial similarity is especially important in cases where the evidence is proffered to show the existence of a design defect . . . . In such cases, the jury is invited to infer from the presence of other accidents that a design defect existed which contributed to the plaintiffs' injuries . . . . Accordingly, the proponent of "other accident" evidence may not

> rely on allegations that the accidents are similar . . . and it is insufficient merely to show that the previous accidents involved the very product at issue in the current litigation.

*Sweitzer*, 2011 WL 721907 at *2 (citing *Barker v. Deere and Co.*, 50 F.3d 158, 162-63 (3d Cir. 1995). The burden is on the proponent of the evidence to demonstrate that the prior incidents involved the same or similar circumstances. *See Schmidt v. Duo-Fast Corp.*, No. 94-6541, 1995 WL 648471, at *2 (E.D. Pa. Oct. 30, 1995); *see also Barker*, 60 F.3d at 162-63 (3d Cir. 1995) ("[E]very court of appeals to have considered this issue agrees that when a plaintiff attempts to introduce evidence of other accidents as direct proof of a design defect, the evidence is admissible only if the proponent demonstrates that the accidents occurred under circumstances substantially similar to those at issue in the case at bar.").

The burden is substantial. For example, in *Sweitzer*, the court precluded admission of "other accidents" evidence because the plaintiffs failed to demonstrate precise similarities between prior incidents involving industrial "paste mixing" machines and the allegedly defective product at issue. *See Sweitzer*, 2011 WL 721907 at *3-5. The court stressed that the plaintiffs failed to present factual similarities to meet their evidentiary burden. *Id.* The court noted that, while "[t]he briefing suggests that the two machines had similar components . . . even this information cannot substantiate finding substantial similarity." *Id.* at *4. Because the plaintiffs merely "provided a conclusory statement that the [prior] accidents would not have happened if the design defects had not existed," the court determined that there was no evidence to show the precise circumstances under which any of the accidents occurred; therefore, the burden of showing the prior accidents' relevance was not met. *See id.* at *5.

In *Cloud v. Electrolux Home Products, Inc.*, Judge Pappert found that the fires in Japan were not substantially similar to Allstate's incidents or theory of defect. *Cloud*, No. 2:15-cv-571,

Doc. No. 136-1 at 6 (E.D. Pa. Jan. 30, 2017). In *Vitale v. Electrolux Home Products, Inc.*, Magistrate Judge Lloret concurred and similarly precluded evidence of an investigation into the dryer fires in Japan: "I agree with Electrolux that modifications made in Japan, along with installation practices peculiar to the Japanese market, make the Japanese products substantially dissimilar to their domestically available brethren." *Vitale*, 2018 WL 3868671 at * 16.

Allstate has not set forth any evidence or facts to suggest, let alone prove, that the circumstances surrounding the dryer fires in Japan are substantially similar to the subject fires. The fires involve different dryers used under different circumstances and operating conditions. The basic threshold of substantial similarity has not been met, so evidence of dryer fires and any accompanying investigation that occurred in Japan should be excluded.

> **B.      Evidence of dryer fires in Japan is unfairly prejudicial to Electrolux, will confuse the issues, mislead the jury and waste this Court's time.**

The Federal Rules of Evidence provide: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, consuming the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Permitting the jury to consider evidence of "other dryer fires" in Japan that involve nothing more than a mere allegation that the dryer design and/or warnings caused a fire would be unduly prejudicial to Electrolux. The jury is likely to draw the interference, absent sufficient proof or facts, that the dryer design and/or warnings were the cause of the fires in Japan and therefore caused the fires in this case. The "other dryer fires" evidence suggests to the jury that this matter concerns all dryers manufactured by Electrolux and not just the dryers and circumstances surrounding the fires at issue in this case. Evidence of the "other dryer fires" in Japan would cause undue delay, substantially lengthen the trial, and inevitably result in a "mini-trial" of each dryer in Japan. This is especially true given

that the evidence relates to foreign regulations and an investigation relevant only to Japan. Allowing the admission of such evidence would invite the jury to weigh foreign standards that have no bearing on the dryers at issue when reaching a decision.

In *Cloud v. Electrolux Home Products, Inc.*, the Court found that discussion of Electrolux's response to the investigation of dryer fires in Japan would invite a "substantial discussion of inadmissible evidence and will require a 'trial within a trial' on this issue." *Cloud*, No. 2:15-cv-571, Doc. No. 136-1 at 8; *Vitale*, 2018 WL 3868671 at * 16. "Discussion of Electrolux's response to the Japanese investigation also risks confusing the issue and misleading the jury, as the feasibility of an alternative design for another country's market is not at issue . . . . This risk substantially outweighs the probative value of this evidence . . . ." *Cloud*, No. 2:15-cv-571, Doc. No. 136-1 at 8-9; *Vitale*, 2018 WL 3868671 at * 16.

### C. Evidence of dryer fires in Japan is based on hearsay and are therefore inadmissible.

Even if this Court finds that the burden with respect to relevancy has been met, which Electrolux contends it has not, evidence of dryer fires in Japan and the circumstances surrounding those fires is based on inadmissible hearsay. Hearsay is defined as a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801.

It is anticipated that Allstate will seek to introduce evidence or testimony relating to the dryer fires in Japan to demonstrate that the dryers at issue were defective. The evidence would be based solely on inadmissible hearsay as the claimants, experts, and other related parties involved in the dryer fires in Japan will not testify in this action, and any documentary evidence regarding dryer fires in Japan would be offered to prove the truth of the matter asserted, namely that the

dryers in Japan were defective. Consequently, any evidence of these other incidents is based on inadmissible hearsay and does not fall within any recognized exception.

## III. CONCLUSION

For the foregoing reasons, Electrolux respectfully requests that this Honorable Court grant its Motion in Limine and enter an Order barring any evidence, arguments, or references to the investigation of dryer fires in Japan from being introduced at trial.

        Respectfully submitted,

        NICOLSON LAW GROUP LLC

BY:    /s/ Melissa L. Yemma
        CHERYL M. NICOLSON, ESQ.
        Attorney I.D. No. 57422
        MELISSA L. YEMMA, ESQ.
        Attorney I.D. No. 92194
        Rose Tree Corporate Center II
        1400 N. Providence Road, Suite 6035
        Media, PA 19063
        (610) 891-0300
        nicolson@nicolsonlawgroup.com
        yemma@nicolsonlawgroup.com

        JONATHAN F. FECZKO, ESQ.
        Admitted *Pro Hac Vice*
        TUCKER ELLIS LLP
        950 Main Avenue, Suite 1100
        Cleveland, OH 44113
        (216) 696-3161
        jonathan.feczko@tuckerellis.com

        *Attorneys for Defendant Electrolux Home Products, Inc.*

DATE: January 8, 2019

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE INDEMNITY COMPANY; ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY; ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY<br><br>v.<br><br>ELECTROLUX HOME PRODUCTS, INC. | : NO. 5:16-cv-04276-EGS<br>:<br>:<br>:<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED<br>: |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Memorandum of Law in Support of Electrolux Home Products, Inc.'s Motion in Limine to Preclude Evidence of an Investigation of Dryer Fires in Japan was served electronically on the date stated below, upon the following:

Raymond E. Mack, Esquire
Patrick A. Hughes, Esquire
de Luca Levine, LLC
Three Valley Square
512 E. Township Line Road, Suite 220
Blue Bell, PA 19422

                      NICOLSON LAW GROUP LLC

BY:   /s/ Melissa L. Yemma
         CHERYL M. NICOLSON, ESQ.
         Attorney I.D. No. 57422
         MELISSA L. YEMMA, ESQ.
         Attorney I.D. No. 92194
         Rose Tree Corporate Center II
         1400 N. Providence Road, Suite 6035
         Media, PA 19063
         (610) 891-0300
         nicolson@nicolsonlawgroup.com
         yemma@nicolsonlawgroup.com

         JONATHAN F. FECZKO, ESQ.
         Admitted *Pro Hac Vice*

                                          TUCKER ELLIS LLP
                                          950 Main Avenue, Suite 1100
                                          Cleveland, OH 44113
                                          (216) 696-3161
                                          jonathan.feczko@tuckerellis.com

*Attorneys for Defendant Electrolux Home Products, Inc.*

DATE: <u>January 8, 2019</u>