IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE INDEMNITY COMPANY; ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY; ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY | : NO. 5:16-cv-04276-EGS :  :  :  : |
| v. | : |
| ELECTROLUX HOME PRODUCTS, INC. | : JURY TRIAL DEMANDED : |

**DEFENDANT ELECTROLUX HOME PRODUCTS, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO
PRECLUDE EVIDENCE RELATING TO ELECTROLUX'S WEBSTER CITY, IOWA
AND JUAREZ, MEXICO MANUFACTURING PLANTS**

Defendant Electrolux Home Products, Inc. ("Electrolux"), through its counsel, files the within Memorandum of Law in Support of its Motion in Limine requesting that this Honorable Court enter an Order precluding evidence relating to the opening of Electrolux's Juarez, Mexico manufacturing plant in 2008 and the closing of Electrolux's Webster City, Iowa manufacturing plant in 2011 from being introduced at trial.

**I.    STATEMENT OF FACTS**

This consolidated action arises out of eight fires that occurred on the properties of Alllstate's insureds. This is a subrogation action in which Allstate seeks reimbursement of the money paid to its insureds pursuant to their insurance policies as a result of the fires. Allstate contends in each instance that a clothes dryer manufactured by Electrolux caused the fire and has asserted claims against Electrolux that the dryers were defective in design and warnings.

The dryers in this case were manufactured between February 2003 and April 2008. In 2008, Electrolux opened a manufacturing plant in Juarez, Mexico. In 2011, Electrolux closed its manufacturing plant in Webster City, Iowa and moved production of clothes dryers to the Juarez

facility. Electrolux anticipates that Allstate will seek to introduce evidence about the opening of the Juarez plant and the closing of the Webster City plant to attempt to damage Electrolux's reputation in the minds of the jury. Such evidence is irrelevant and more prejudicial than probative. Therefore, the evidence should be precluded in its entirety.

## II.   LEGAL ARGUMENT

### A.   Evidence relating to the opening of Electrolux's Juarez, Mexico manufacturing plant in 2008 and the closing of Electrolux's Webster City, Iowa manufacturing plant in 2011 is irrelevant.

Only relevant evidence is admissible. Fed. R. Evid. 402. Evidence that is not relevant is not admissible. *Id*. Evidence is relevant if it has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401; *see also In re Tylenol (Acetaminophen) Mktg.*, No. 2:12-cv-07263, 2016 WL 3125428, at *1 (E.D. Pa. June 3, 2016). Relevant evidence is evidence having any tendency to make a fact of consequence in determining the action more or less probable than it would be without the evidence. *Id*; *see also Gumbs v. Int'l Harvester, Inc.*, 718 F.2d 88, 97 (3d Cir. 1983) ("For evidence to be relevant there must be some logical relationship between the proffered evidence and plaintiff's theory of the case.").

Evidence relating to the 2008 opening of the Juarez plant and the 2011 closing of the Webster City plant is irrelevant and inadmissible. Plaintiffs assert products liability claims arising out of alleged defects in Electrolux-manufactured dryers. Evidence about the opening of one plant and the closing of another has no bearing on any fact related to the purported defects in dryers in this case, which were manufactured from February 2003 to April 2008.

Two other courts in this District have excluded this same evidence. In *Cloud v. Electrolux Home Products, Inc.*, the Court found that the fact that Electrolux relocated its plant to Juarez

was not at all relevant to whether the dryer was defective. *See Cloud*, Case No. 2:15-cv-571, Doc. 128-1 at 4 (E.D. Pa. Jan. 30, 2017). There the court observed: "Electrolux's decision to relocate its production plant and the resulting personnel changes are not relevant or probative of Electrolux's knowledge of a defect." *Id.* at 4-5. In *Vitale v. Electrolux Home Products, Inc.*, the Court concurred. *See Vitale*, No. 2:15-cv-1815, 2018 WL 3868671, at *15 (E.D. Pa. Aug. 14, 2018). Evidence about the closing of one plant and the opening of another has no bearing on this case either; the evidence is therefore irrelevant and should be precluded from trial.

      **B.**      **Evidence relating to the opening of Electrolux's Juarez, Mexico manufacturing plant in 2008 and the closing of Electrolux's Webster City, Iowa manufacturing plant in 2011 is more prejudicial than it is probative.**

Even relevant evidence may be excluded if its probative value is "substantially outweighed" by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Rule 403 requires a district court to balance the prejudicial effect of evidence against its probative value. *Forrest v. Beloit Corp.*, 424 F.3d 344, 356 (3d Cir. 2005) ("Notwithstanding the potential relevance of such evidence under Rule 402, its probative value must be carefully balanced, pursuant to Rule 403, against its possible prejudicial effect.").

Evidence is prejudicial when it has "an undue tendency to suggest a decision on an improper basis." *Sweitzer v. Oxmaster, Inc.*, No. 09-5606, 2011 WL 721907, at *2 (E.D. Pa. Mar. 2, 2011) (internal citation omitted); *see also Bhaya v. Westinghouse Elec. Corp.*, 922 F.2d 184, 188 (3d Cir. 1990) (explaining "a textbook example of unfair prejudice" occurs when evidence suggests "that a party committed wrongs other than those at issue in a case . . . because such evidence may influence a jury to return a verdict based on a desire to punish for the other wrongs.").

Even if evidence about the opening of Electrolux's Juarez, Mexico manufacturing plant and the closing of Electrolux's Webster City, Iowa manufacturing plant had some relevance—and it does not—that evidence should still be excluded because any probative value is outweighed by the danger of unfair prejudice. It is likely that Allstate will seek to offer this evidence at trial in an attempt to damage Electrolux's reputation in the minds of the jury. It is possible that some jury members have strong opinions about the closing of manufacturing plants in the United States and the outsourcing of production to other countries. If the jury is permitted to consider evidence of Electrolux's move, it may provide them with an "improper basis" on which they may decide important questions in the case. Accordingly, any probative value concerning the opening and closing of Electrolux's plants is outweighed by the danger of unfair prejudice. Such evidence should therefore be excluded.

### III. CONCLUSION

For all of the foregoing reasons, Electrolux respectfully requests that this Honorable Court grant its Motion in Limine and enter an Order precluding any evidence, arguments or references to the opening of Electrolux's Juarez, Mexico manufacturing plant and the closing of Electrolux's Webster City, Iowa from being introduced at trial.

Respectfully submitted,

NICOLSON LAW GROUP LLC

BY:   /s/ Melissa L. Yemma
CHERYL M. NICOLSON, ESQ.
Attorney I.D. No. 57422
MELISSA L. YEMMA, ESQ.
Attorney I.D. No. 92194
Rose Tree Corporate Center II
1400 N. Providence Road, Suite 6035
Media, PA 19063
(610) 891-0300
nicolson@nicolsonlawgroup.com

yemma@nicolsonlawgroup.com

JONATHAN F. FECZKO, ESQ.
Admitted *Pro Hac Vice*
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
(216) 696-3161
jonathan.feczko@tuckerellis.com

*Attorneys for Defendant Electrolux Home Products, Inc.*

DATE: January 8, 2019

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE INDEMNITY COMPANY; ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY; ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY<br><br>v.<br><br>ELECTROLUX HOME PRODUCTS, INC. | : NO. 5:16-cv-04276-EGS<br>:<br>:<br>:<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED<br>: |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Memorandum of Law in Support of Electrolux Home Products, Inc.'s Motion in Limine to Preclude Evidence Relating to Electrolux's Webster City, Iowa and Juarez, Mexico Manufacturing Plant was served electronically on the date stated below, upon the following:

Raymond E. Mack, Esquire
Patrick A. Hughes, Esquire
de Luca Levine, LLC
Three Valley Square
512 E. Township Line Road, Suite 220
Blue Bell, PA 19422

NICOLSON LAW GROUP LLC

BY: /s/ Melissa L. Yemma
CHERYL M. NICOLSON, ESQ.
Attorney I.D. No. 57422
MELISSA L. YEMMA, ESQ.
Attorney I.D. No. 92194
Rose Tree Corporate Center II
1400 N. Providence Road, Suite 6035
Media, PA 19063
(610) 891-0300
nicolson@nicolsonlawgroup.com
yemma@nicolsonlawgroup.com

                                        JONATHAN F. FECZKO, ESQ.
Admitted *Pro Hac Vice*
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
(216) 696-3161
jonathan.feczko@tuckerellis.com

*Attorneys for Defendant Electrolux Home Products, Inc.*

DATE: January 8, 2019