**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE INDEMNITY COMPANY; ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY; ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY | : NO. 5:16-cv-04276-EGS <br> : <br> : <br> : <br> : |
| v. | : <br> : JURY TRIAL DEMANDED |
| ELECTROLUX HOME PRODUCTS, INC. | : |

**DEFENDANT ELECTROLUX HOME PRODUCTS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE THE ADMISSION OF EVIDENCE ABOUT OTHER LAWSUITS**

Defendant Electrolux Home Products, Inc. ("Electrolux"), through its counsel, files the within Memorandum of Law in Support of its Motion in Limine seeking to preclude the admission of evidence about other lawsuits.

**I.   INTRODUCTION AND STATEMENT OF FACTS**

Electrolux anticipates that Allstate will seek to introduce evidence about prior lawsuits brought against Electrolux involving Electrolux-manufactured dryers. As two prior opinions from this District have concluded, however, the probative value—if any—of such evidence is substantially outweighed by the risk of prejudice. Accordingly, that evidence should be excluded under Rule of Evidence 403.

**II.  LEGAL ARGUMENT**

    **A.  Where the probative value of evidence is outweighed by its prejudicial effect, that evidence must be excluded.**

Relevant evidence may be excluded when its probative value is "substantially outweighed" by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Rule

requires a district court to balance the prejudicial effect of evidence against its probative value. *E.g., Forrest v. Beloit Corp.*, 424 F.3d 344, 356 (3d Cir. 2005) ("Notwithstanding the potential relevance of such evidence under Rule 402, its probative value must be carefully balanced, pursuant to Rule 403, against its possible prejudicial effect.").

Evidence is prejudicial when it has "an undue tendency to suggest a decision on an improper basis." *Sweitzer v. Oxmaster, Inc.*, No. 09-5606, 2011 WL 721907, at *2 (E.D. Pa. Mar. 2, 2011) (internal citation omitted); *see also Bhaya v. Westinghouse Elec. Corp.*, 922 F.2d 184, 188 (3d Cir. 1990) (explaining "a textbook example of unfair prejudice" occurs when evidence suggests "that a party committed wrongs other than those at issue in a case . . . because such evidence may influence a jury to return a verdict based on a desire to punish for the other wrongs.").

      **B.**    **Because its probative value is substantially outweighed by its potential for undue prejudice, evidence about other lawsuits should be excluded.**

Evidence about other lawsuits pending against a defendant is a textbook example of evidence whose probative value is substantially outweighed by the risk of undue prejudice. *E.g., Blancha v. Raymark Indus.*, 972 F.2d 507, 516 (3d Cir. 1992) (listing "[e]vidence relating to previous litigation involving the parties" as one "likely subject[] of exclusion"); *Nwegbo v. Borough*, No. 12-cv-05063, 2013 WL 3463504, at *3 (E.D. Pa. July 10, 2013) ("To the extent that these cases are relevant, we find that the probative value of any testimony regarding these cases or their factual allegations . . . would be far outweighed by the risk of unfair prejudice, as well as the risk of confusing the jury and wasting time."); *see also Shelton v. Bledsoe*, No. CV 3:11-0368, 2017 WL 2906560, at *4 (M.D. Pa. July 7, 2017) ("Even if such evidence were minimally relevant, that probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time.").

Two other courts in this District have applied the balancing test of Rule 403 to forbid Allstate from offering evidence about other lawsuits against Electrolux. In *Cloud v. v. Electrolux Home Prods., Inc.*, No. 2:15-cv-571, Doc. No. 136-1 at 12 (E.D. Pa. Jan. 30, 2017), Judge Pappert noted the unfair prejudice that would likely result if jurors were permitted to consider such evidence:

> If presented with this evidence, jurors will likely seek to know the outcomes of these prior actions. Even the parties cannot agree on the proper characterization of how those actions terminated. And even if details regarding the outcomes were withheld, jurors might assume the worst. Thus, although some of the incidents underlying these lawsuits involved fires in ball-hitch dryers allegedly caused by the same defects alleged here, evidence of lawsuits poses a high risk of unfair prejudice.

In *Vitale v. Electrolux Home Products, Inc.*, No. 2:15-cv-1815, 2018 WL 3868671, at *18 (E.D. Pa. Aug. 14, 2018), Magistrate Judge Lloret agreed, noting that "were a jury made aware of various actions, they may improperly determine that there is 'fire,' in the form of liability, because there is 'smoke,' in the form of lawsuits. That is an improper and unfairly prejudicial inference." Because evidence about other lawsuits has "faint probative value" and "high potential for unfair prejudice," the Court should preclude Allstate from offering such evidence at trial. *Cloud* at 12 (quoting *Yellow Bayou Plantation, Inc. v. Shell Chem., Inc.*, 491 F.2d 1239, 1242-43 (5th Cir. 1974).

### III.   CONCLUSION

For the foregoing reasons, Electrolux respectfully requests that the Court grant its Motion in Limine and preclude Allstate from offering evidence about other lawsuits against Electrolux at trial.

Respectfully submitted,

NICOLSON LAW GROUP LLC

BY:  /s/ Melissa L. Yemma
CHERYL M. NICOLSON, ESQ.
Attorney I.D. No. 57422
MELISSA L. YEMMA, ESQ.
Attorney I.D. No. 92194
Rose Tree Corporate Center II
1400 N. Providence Road, Suite 6035
Media, PA 19063
(610) 891-0300
nicolson@nicolsonlawgroup.com
yemma@nicolsonlawgroup.com

JONATHAN F. FECZKO, ESQ.
Admitted *Pro Hac Vice*
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
(216) 696-3161
jonathan.feczko@tuckerellis.com

*Attorneys for Defendant Electrolux Home Products, Inc.*

DATE: January 8, 2019

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE INDEMNITY COMPANY; ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY; ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY<br><br>v.<br><br>ELECTROLUX HOME PRODUCTS, INC. | : NO. 5:16-cv-04276-EGS<br>:<br>:<br>:<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED<br>: |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Memorandum of Law in Support of Electrolux Home Products, Inc.'s Motion in Limine to Preclude Admission of Evidence About Other Lawsuits was served electronically on the date stated below, upon the following:

Raymond E. Mack, Esquire
Patrick A. Hughes, Esquire
de Luca Levine, LLC
Three Valley Square
512 E. Township Line Road, Suite 220
Blue Bell, PA 19422

NICOLSON LAW GROUP LLC

BY:   /s/ Melissa L. Yemma
CHERYL M. NICOLSON, ESQ.
Attorney I.D. No. 57422
MELISSA L. YEMMA, ESQ.
Attorney I.D. No. 92194
Rose Tree Corporate Center II
1400 N. Providence Road, Suite 6035
Media, PA 19063
(610) 891-0300
nicolson@nicolsonlawgroup.com
yemma@nicolsonlawgroup.com

JONATHAN F. FECZKO, ESQ.
Admitted *Pro Hac Vice*

TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
(216) 696-3161
jonathan.feczko@tuckerellis.com

*Attorneys for Defendant Electrolux Home Products, Inc.*

DATE: January 8, 2019