**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE INDEMNITY COMPANY; ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY; ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY | : NO. 5:16-cv-04276-EGS<br>:<br>:<br>:<br>: |
| v. | :<br>: JURY TRIAL DEMANDED |
| ELECTROLUX HOME PRODUCTS, INC. | : |

**DEFENDANT ELECTROLUX HOME PRODUCTS, INC.'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO**
**PRECLUDE EVIDENCE ABOUT PERSONAL INJURIES AND DEATHS**

Defendant Electrolux Home Products, Inc. ("Electrolux"), through its counsel, files the within Memorandum of Law in Support of its Motion in Limine requesting that this Honorable Court enter an Order precluding evidence about claims involving personal injuries and/or deaths allegedly caused by Electrolux-manufactured dryers.

**I.     STATEMENT OF FACTS**

This consolidated action arises out of eight fires that occurred on the properties of Allstate's insureds. This is a subrogation action. Allstate seeks reimbursement of the money it paid to its insureds pursuant to their insurance policies as a result of the subject fires. None of the insureds were injured as a result of the fires, nor do any of the claims involve a death. Despite this, Electrolux anticipates that Allstate will attempt to introduce evidence at trial about "personal injury, [and] wrongful death . . . claims allegedly arising from ball-hitch dryer fires." (*See, e.g.*, Doc. 111-1 at 3.) Even to the extent that Allstate can satisfy the standard for demonstrating that any such claims are substantially similar to the claims in this case (*see* Electrolux's Motion in Limine to Preclude the Admission of Evidence About Other Dryer Fires

That Does Not Arise Out of Substantially Similar Incidents, filed contemporaneously with this Motion), the probative value of evidence about claims involving personal injuries and death is substantially outweighed by its prejudicial effect and should be excluded.

## II.     LEGAL ARGUMENT

### A.     Where the probative value of evidence is outweighed by its prejudicial effect, that evidence must be excluded.

Relevant evidence may be excluded when its probative value is "substantially outweighed" by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Rule requires a district court to balance the prejudicial effect of evidence against its probative value. *E.g., Forrest v. Beloit Corp.*, 424 F.3d 344, 356 (3d Cir. 2005) ("Notwithstanding the potential relevance of such evidence under Rule 402, its probative value must be carefully balanced, pursuant to Rule 403, against its possible prejudicial effect.").

Evidence is prejudicial when it has "an undue tendency to suggest a decision on an improper basis." *Sweitzer v. Oxmaster, Inc.*, No. 09-5606, 2011 WL 721907, at *2 (E.D. Pa. Mar. 2, 2011) (internal citation omitted); *see also Bhaya v. Westinghouse Elec. Corp.*, 922 F.2d 184, 188 (3d Cir. 1990) (explaining "a textbook example of unfair prejudice" occurs when evidence suggests "that a party committed wrongs other than those at issue in a case . . . because such evidence may influence a jury to return a verdict based on a desire to punish for the other wrongs.").

    **B.**    **Because its probative value is substantially outweighed by the potential for undue prejudice, evidence about personal injuries and deaths should be excluded.**

There is no dispute that the claims in this case arise out of property damage purportedly caused by defects in Electrolux-manufactured dryers. No one was injured in any of the fires at issue, nor did any of the fires result in death. Despite this, Allstate has stated that it intends to introduce evidence at trial about "personal injury, [and] wrongful death . . . claims allegedly arising from ball-hitch dryer fires." (*See, e.g.*, Doc. 111-1 at 3.) Such evidence serves no legitimate purpose other than to inflame the jury's emotions and invoke "its desire to punish" Electrolux "for . . . other wrongs" not at issue in this case. *Bhaya*, 922 F.2d at 188.

Allstate cannot rely on the relevance of such evidence to gain its admission at trial. Rule 403 requires this Court to "carefully balance[]" the probative value of evidence about claims involving personal injuries and deaths "against its possible prejudicial effect." *Forrest*, 424 F.3d 344, 356 (3d Cir. 2005). Given Allstate's contention that it intends to introduce evidence of 6,000 other claims at trial (*see, e.g.,* Doc. 111-1 at 3), it is likely that Allstate can identify claims that serve the same purpose that do not involve injuries that will inflame the jury's emotions in this case. Because evidence about claims involving personal injuries and death serves no purpose other than to inspire the jury to punish Electrolux for conduct not at issue here, this evidence is a "textbook example" of evidence that must be excluded under Rule 403. *Bhaya*, 922 F.2d at 188.

## III.    CONCLUSION

For all of the foregoing reasons, Electrolux respectfully requests that this Honorable Court grant its Motion in Limine and enter an Order precluding evidence about claims involving personal injuries and/or deaths allegedly caused by Electrolux-manufactured dryers.

                Respectfully submitted,

                NICOLSON LAW GROUP LLC

BY:    /s/ Melissa L. Yemma
         CHERYL M. NICOLSON, ESQ.
         Attorney I.D. No. 57422
         MELISSA L. YEMMA, ESQ.
         Attorney I.D. No. 92194
         Rose Tree Corporate Center II
         1400 N. Providence Road, Suite 6035
         Media, PA 19063
         (610) 891-0300
         nicolson@nicolsonlawgroup.com
         yemma@nicolsonlawgroup.com

         JONATHAN F. FECZKO, ESQ.
         Admitted *Pro Hac Vice*
         TUCKER ELLIS LLP
         950 Main Avenue, Suite 1100
         Cleveland, OH 44113
         (216) 696-3161
         jonathan.feczko@tuckerellis.com

         *Attorneys for Defendant Electrolux Home Products, Inc.*

DATE: January 8, 2019

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE INDEMNITY COMPANY; ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY; ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY<br><br>v.<br><br>ELECTROLUX HOME PRODUCTS, INC. | : NO. 5:16-cv-04276-EGS<br>:<br>:<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED<br>: |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Memorandum of Law in Support of Electrolux Home Products, Inc.'s Motion in Limine to Preclude Evidence About Personal Injuries and Death was served electronically on the date stated below, upon the following:

Raymond E. Mack, Esquire
Patrick A. Hughes, Esquire
de Luca Levine, LLC
Three Valley Square
512 E. Township Line Road, Suite 220
Blue Bell, PA 19422

        NICOLSON LAW GROUP LLC

BY:   /s/ Melissa L. Yemma
        CHERYL M. NICOLSON, ESQ.
        Attorney I.D. No. 57422
        MELISSA L. YEMMA, ESQ.
        Attorney I.D. No. 92194
        Rose Tree Corporate Center II
        1400 N. Providence Road, Suite 6035
        Media, PA 19063
        (610) 891-0300
        nicolson@nicolsonlawgroup.com
        yemma@nicolsonlawgroup.com

        JONATHAN F. FECZKO, ESQ.
        Admitted *Pro Hac Vice*

                                                  TUCKER ELLIS LLP
                                                  950 Main Avenue, Suite 1100
                                                  Cleveland, OH 44113
                                                  (216) 696-3161
                                                  jonathan.feczko@tuckerellis.com

                                                  *Attorneys for Defendant Electrolux Home Products, Inc.*

DATE: <u>January 8, 2019</u>