**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE INDEMNITY COMPANY; ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY; ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY | : NO. 5:16-cv-04276-EGS<br>:<br>:<br>:<br>: |
| v. | :<br>: |
| ELECTROLUX HOME PRODUCTS, INC. | : JURY TRIAL DEMANDED<br>: |

**DEFENDANT ELECTROLUX HOME PRODUCTS, INC.'S**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR BIFURCATION**

Defendant Electrolux Home Products, Inc. ("Electrolux"), through its counsel, files the within Memorandum of Law in Support of its Motion for Bifurcation requesting that this Honorable Court issue an Order separating trial of Allstate's claim for punitive damages from the remaining issues in this case.

**I.      STATEMENT OF FACTS**

This consolidated action arises out of eight fires that occurred on the properties of Allstate's insureds. This is a subrogation action. Allstate seeks reimbursement of the money it paid to its insureds pursuant to their insurance policies as a result of the subject fires. Electrolux previously moved for summary judgment on Allstate's claim for punitive damages on the grounds (among others) that: 1) as a subrogee, Allstate is not entitled to punitive damages under Pennsylvania law; and 2) Allstate's policies with its insureds do not permit Allstate to recover more than the amounts it paid to its insureds. (Doc. 116 at 1-3.) During briefing and at oral argument, Allstate argued that "[i]t cannot be said as a matter of law that a jury's award of punitive damages here would result in Allstate *recovering* an amount in excess of Allstate's payments to its insureds." (*See, e.g.*, Doc. 111-1 at 23 (emphasis in original).) On December 14,

2018, the Court denied Electrolux's motion without prejudice, finding "the resolution of the issues presented in [the motion] premature at this stage in the proceeding." (Doc. 123 at 1.)

## II.      LEGAL ARGUMENT

Federal Rule of Civil Procedure 42(b) provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." F.R.C.P. 42(b). Electrolux maintains that Allstate – as a subrogee – cannot as a matter of law maintain a claim for punitive damages. Even assuming, however, that Allstate is permitted to bring a claim for punitive damages, the terms of its policies prevent it from recovering an amount in excess of the payments Allstate made to its insureds. A verdict for Allstate awarding the full amount paid to its insureds as compensatory damages or a verdict for Electrolux would both therefore obviate the need for any consideration of punitive damages. To expedite trial and avoid undue prejudice to Electrolux resulting from the jury hearing evidence on Electrolux's financial performance when considering liability, the issue of punitive damages should be tried separately. Once the jury has made findings on liability and compensatory damages, the Court can determine if Allstate's claim for punitive damages is contractually (and legally) permissible.

## III.     CONCLUSION

For all of the foregoing reasons, Electrolux respectfully requests that this Honorable Court grant its Motion and issue an Order separating trial of Allstate's claim for punitive damages from the remaining issues in this case.

Respectfully submitted,

NICOLSON LAW GROUP LLC

BY:   /s/ Melissa L. Yemma_____
        CHERYL M. NICOLSON, ESQ.

Attorney I.D. No. 57422
MELISSA L. YEMMA, ESQ.
Attorney I.D. No. 92194
Rose Tree Corporate Center II
1400 N. Providence Road, Suite 6035
Media, PA 19063
(610) 891-0300
nicolson@nicolsonlawgroup.com
yemma@nicolsonlawgroup.com

JONATHAN F. FECZKO, ESQ.
Admitted *Pro Hac Vice*
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
(216) 696-3161
jonathan.feczko@tuckerellis.com

*Attorneys for Defendant Electrolux Home Products, Inc.*

DATE: <u>January 8, 2019</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE | : NO. 5:16-cv-04276-EGS |
| INDEMNITY COMPANY; ALLSTATE PROPERTY & | : |
| CASUALTY INSURANCE COMPANY; ALLSTATE | : |
| VEHICLE & PROPERTY INSURANCE COMPANY | : |
| | : |
| v. | : |
| | : JURY TRIAL DEMANDED |
| ELECTROLUX HOME PRODUCTS, INC. | : |

---

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing Memorandum of Law in Support of

Defendant Electrolux Home Products, Inc.'s Motion for Bifurcation was served electronically on

the date stated below, upon the following:

Raymond E. Mack, Esquire
Patrick A. Hughes, Esquire
de Luca Levine, LLC
Three Valley Square
512 E. Township Line Road, Suite 220
Blue Bell, PA 19422

Respectfully submitted,

NICOLSON LAW GROUP LLC

BY:    /s/ Melissa L. Yemma
CHERYL M. NICOLSON, ESQ.
Attorney I.D. No. 57422
MELISSA L. YEMMA, ESQ.
Attorney I.D. No. 92194
Rose Tree Corporate Center II
1400 N. Providence Road, Suite 6035
Media, PA 19063
(610) 891-0300
nicolson@nicolsonlawgroup.com
yemma@nicolsonlawgroup.com

JONATHAN F. FECZKO, ESQ.
Admitted *Pro Hac Vice*
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
(216) 696-3161
jonathan.feczko@tuckerellis.com

*Attorneys for Defendant Electrolux Home
Products, Inc.*

DATE: <u>January 8, 2019</u>