**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE INDEMNITY COMPANY; ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY; ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY<br><br>v.<br><br>ELECTROLUX HOME PRODUCTS, INC. | : NO. 5:16-cv-04276-EGS<br>:<br>:<br>:<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED<br>: |

**DEFENDANT ELECTROLUX HOME PRODUCTS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SPOLIATION INFERENCE**

Defendant Electrolux Home Products, Inc. ("Electrolux"), through its counsel, files the within Memorandum of Law in Support of its Motion for Spoliation Inference requesting that this Honorable Court issue a jury instruction on the spoliation inference relative to five of the eight claims in this case.

**I.   STATEMENT OF FACTS**

This consolidated action arises out of eight fires that occurred on the properties of Allstate's insureds. This is a subrogation action. Allstate seeks reimbursement of the money it paid to its insureds pursuant to their insurance policies as a result of the subject fires. In five of the eight fires, Allstate's fire investigator failed to preserve aspects of the scene. As a result, Electrolux's experts were prevented from analyzing items relevant to their investigation into the cause of the fires. Specifically:

- <u>Almodovar</u> – Allstate's fire investigator did not preserve the flexible foil ducting or the exterior exhaust hood. (*See* Ex. A, Almodovar Report at 9.) As a result, Electrolux's expert was not provided with the opportunity to analyze that evidence. (*Id.*)

- Bullene – Allstate's fire investigator failed to preserve the plastic vent hood for further analysis. (Ex. B, Bullene Report at 15, 52.) Not only did this prevent Electrolux's expert from analyzing that evidence, but Electrolux's expert notes that "this brand hood has a removable bird screen that attaches to the outlet of the hood . . . . It cannot be ruled out that at some point in time, the bird guard may have been installed and, if so, would have been a contributing factor to the build-up of lint observed in the dryer." (*Id.* at 52-53.)

- Gray – Allstate's fire investigator did not retain the permanent duct system, preventing Electrolux's expert from inspecting and evaluating same. (Ex. C, Gray Report at 10.) The single-flap, metallic exhaust hood was similarly not retained for further analysis. (*Id.*) Electrolux's expert notes that prior to, and at the time of the fire, a metal screen was fastened over the hood outlet in contravention of Electrolux's instructions and the applicable installation code, but because Allstate did not preserve the hood and screen, Electrolux's expert could not quantify the amount of additional lint present that would have acted to restrict air flow at that location. (*Id.*)

- Quinn – Allstate's fire investigator failed to preserve the entire flexible foil vent system and the exterior exhaust hood, preventing Electrolux's expert from analyzing that evidence. (Ex. D, Quinn Report at 11, 48.)

- Venbrux – Allstate's fire investigator did not preserve the portions of the rigid permanent vent system or the metal vent hood. (Ex. E, Venbrux Report at 11.) As a result, Electrolux's expert was not provided with the opportunity to analyze that evidence. (*Id.* at 11, 47.)

## II. LEGAL ARGUMENT

### A. Allstate's spoliation of evidence relevant to Electrolux's causation defenses calls for a jury instruction on the "spoliation inference."

"The admissibility of spoliation evidence and the propriety of the spoliation inference is well established in most jurisdictions, including Pennsylvania." *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 78 (3d Cir. 1994) (citing *Nationwide Check Corp. v. Forest Hills Distributors, Inc.*, 692 F.2d 214 (1st Cir. 1982); *Mensch v. Bic Corp.*, 1992 WL 236965 (E.D. Pa. 1992); Jamie S. Gorelick, Steven Marzen, & Lawrence Solum, *Destruction of Evidence*, § 2.24 (1989)). In Third Circuit courts, the key considerations in determining whether to impose a sanction for spoliation are: "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, whether the offending party is seriously at fault, will serve to deter such conduct by others in the future." *Schmid*, 13 F.3d at 79.

When material evidence has been spoliated without a party having an opportunity to inspect it, several sanctions are available under Pennsylvania's "spoliation of evidence doctrine." *Walters ex rel. Walters v. General Motors Corp.*, 209 F.Supp.2d 481, 490 (W.D. Pa. 2002) (citing *Sebelin v. Yamaha Motor Corp., USA*, 705 A.3d 904, 907-11 (Pa. Super. Ct. 1998)). "Appropriate sanctions include summary judgment on or the outright dismissal of claims, the exclusion of countervailing evidence, or a jury instruction on the spoliation inference." *Walters*, 209 F.Supp.2d at 490. Evidence tending to show that a party destroyed evidence allows for an inference, "the 'spoliation inference,' that the destroyed evidence would have been unfavorable to the position of the offending party." *Schmid*, 13 F.3d at 78.

In each of the five cases above – Almodovar, Bullene, Gray, Quinn, and Venbrux – Allstate's fire investigators failed to preserve material aspects of the scene that are relevant to the

causation opinions of Electrolux's experts. Reviewing the *Schmid* factors, all therefore weigh in favor of a jury instruction on the spoliation inference for those claims. First, concerning Allstate's degree of fault, Allstate is no stranger to litigation against Electrolux or the information relied on by Electrolux's experts. Indeed – in three of eight instances – Allstate's investigators preserved the scenes in a manner that Electrolux does not challenge, demonstrating that its investigators know the proper for collecting information.

Regarding the second factor, Electrolux has suffered prejudice as a result of the spoliation because the information is relevant to its causation defenses. Allstate will argue that all of Electrolux's ball-hitch dryers are defective and caused the fires at issue in this matter. Electrolux will argue that the ball-hitch dryers are not defective and that other circumstances unique to these dryers resulted in the fires in contrast to the millions that have functioned without incident. In analyzing causation, Electrolux's experts look to information such as the ducting and vent / exhaust hoods.  In the Bullene claim, for example, the vent hood came with a removable bird screen that – if installed – would have been a contributing factor to the build-up of lint. Similarly, the Gray's had a metal screen fastened over the hood outlet contrary to Electrolux's instructions and the applicable installation code. Allstate did not preserve these items, so Electrolux has been denied the opportunity to obtain information that rebuts Allstate's theory of the case.

Last, in seeking a jury instruction on the spoliation inference, Electrolux asks for the least severe sanction available under Pennsylvania law. *See Walters*, 209 F.Supp.2d at 490 (listing summary judgment, dismissal, the exclusion of evidence, and a jury instruction as potential sanctions). As between the parties, Allstate has first access to the fires and is familiar with the issues of this litigation and its likely targets. If Allstate is permitted to spoliate evidence without repercussion, it will have no incentive to conduct full and fair investigations going forward. Indeed,

since the evidence at issue supports only Electrolux's theory on causation, Allstate would be actively motivated to fail even further absent the threat of sanction.

## III. CONCLUSION

For all of the foregoing reasons, Electrolux respectfully requests that this Honorable Court grant its Motion and issue a jury instruction on the spoliation inference relative to the Almodovar, Bullene, Gray, Quinn, and Venbrux claims.

                                            Respectfully submitted,

                                            NICOLSON LAW GROUP LLC

BY:    /s/ Melissa L. Yemma
           CHERYL M. NICOLSON, ESQ.
           Attorney I.D. No. 57422
           MELISSA L. YEMMA, ESQ.
           Attorney I.D. No. 92194
           Rose Tree Corporate Center II
           1400 N. Providence Road, Suite 6035
           Media, PA 19063
           (610) 891-0300
           nicolson@nicolsonlawgroup.com
           yemma@nicolsonlawgroup.com

           JONATHAN F. FECZKO, ESQ.
           Admitted *Pro Hac Vice*
           TUCKER ELLIS LLP
           950 Main Avenue, Suite 1100
           Cleveland, OH 44113
           (216) 696-3161
           jonathan.feczko@tuckerellis.com

           *Attorneys for Defendant Electrolux Home Products, Inc.*

DATE: January 8, 2019

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE INDEMNITY COMPANY; ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY; ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY<br><br>v.<br><br>ELECTROLUX HOME PRODUCTS, INC. | : NO. 5:16-cv-04276-EGS<br>:<br>:<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED<br>: |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Memorandum of Law in Support of Electrolux Home Products, Inc.'s Motion for Spoliation Inference was served electronically on the date stated below, upon the following:

Raymond E. Mack, Esquire
Patrick A. Hughes, Esquire
de Luca Levine, LLC
Three Valley Square
512 E. Township Line Road, Suite 220
Blue Bell, PA 19422

NICOLSON LAW GROUP LLC

BY:   /s/ Melissa L. Yemma
CHERYL M. NICOLSON, ESQ.
Attorney I.D. No. 57422
MELISSA L. YEMMA, ESQ.
Attorney I.D. No. 92194
Rose Tree Corporate Center II
1400 N. Providence Road, Suite 6035
Media, PA 19063
(610) 891-0300
nicolson@nicolsonlawgroup.com
yemma@nicolsonlawgroup.com

JONATHAN F. FECZKO, ESQ.
Admitted *Pro Hac Vice*

                                        TUCKER ELLIS LLP
                                        950 Main Avenue, Suite 1100
                                        Cleveland, OH 44113
                                        (216) 696-3161
                                        jonathan.feczko@tuckerellis.com

                                        *Attorneys for Defendant Electrolux Home Products, Inc.*

DATE: January 8, 2019