**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, and ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY,** <br><br> **Plaintiffs** <br> v. <br><br> **ELECTROLUX HOME PRODUCTS, INC.** <br><br> **Defendant** | Case No.: 16-cv-04276 EGS |

**THE PARTIES' PROPOSED JURY INSTRUCTIONS**

The Parties, by and through their counsel, hereby submit the following Proposed Jury Instructions. The Parties reserve the right to supplement or revise the following Proposed Jury Instructions based on the evidence that develops at trial or as may otherwise be appropriate.

| de LUCA LEVINE LLC | NICOLSON LAW GROUP LLC |
|---|---|
| **BY:** /s/ Patrick A. Hughes_____ <br> RAYMOND E. MACK, ESQUIRE <br> PA ID No.: 91815 <br> E-Mail: rmack@delucalevine.com <br> PATRICK A. HUGHES, ESQUIRE <br> PA ID No.: 91415 <br> E-Mail: phughes@delucalevine.com <br> ATTORNEYS FOR PLAINTIFFS <br> 512 Township Line Road, Suite 220 <br> Blue Bell, PA  19422 <br> Telephone:(215) 383-0081 | **BY:** /s/ Melissa L. Yemma_____ <br> CHERYL M. NICOLSON, ESQUIRE <br> PA ID No.: 57422 <br> E-Mail: nicolson@nicolsonlawgroup.com <br> MELISSA L. YEMMA, ESQUIRE <br> PA ID No.: 92194 <br> E-Mail: yemma@nicolsonlawgroup.com <br> ATTORNEYS FOR DEFENDANT <br> 1400 North Providence Road, Suite 6035 <br> Media, PA  19063 <br> Telephone:(610) 891-0300 |

**<u>Proposed Jury Instruction No. 1 – Role of the Jury</u>**

Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

*Model Civ. Jury Instr. 3rd Cir. 1.1, at p. 3. (2017)*

| Modified: _____ | Unchanged: <u>X</u> |
|---|---|

**<u>Proposed Jury Instruction No. 2 – Conduct of the Jury</u>**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence. I know that many of you use cell phones, smart phones, like Blackberries and iPhones, and other portable electronic devices; laptops, netbooks, and other computers both portable and fixed; and other tools of technology, to access the internet and to communicate with others. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate orally with anyone about the case on your cell phone, smart phone, or portable or fixed computer or device of any kind; or use these devices to communicate electronically by messages or postings of any kind including e-mail, instant messages, text messages, text or instant messaging services [such as Twitter], or through any blog, website, internet chat room, or by way of any other social networking websites or services, including Facebook, MySpace, LinkedIn, and YouTube.

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either. That is why you are asked to wear your juror tags. It shows that you are someone who is not to be approached in any way.

Second, do not read or listen to anything related to this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case. Do not do any research on the internet, for example. You are to decide the case upon the evidence presented at trial. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Again, do not reach any conclusion on the claims or defenses until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

Finally, if any member of the jury has a friend or family member who is in attendance at this public trial, that visitor must first register with my Clerk because special rules will govern their attendance. You may not discuss any aspect of this trial with the visitor, nor may you permit the visitor to discuss it with you.

*Model Civ. Jury Instr. 3rd Cir. 1.3 at pp. 5-7 (2017)*

| Modified: _____ | Unchanged: X |
| --- | --- |

**<u>Proposed Jury Instruction No. 3 – Bench Conferences</u>**

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference. If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum.  While we meet, I will invite you to stand up and stretch and take a short break or perhaps even call a recess if it is a lengthy issue, and permit you to go downstairs for a break.

I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

*Model Civ. Jury Instr. 3rd Cir. 1.4 at p. 8 (2017)*

| Modified: _____ | Unchanged:  <u>X</u> |

**<u>Proposed Jury Instruction No. 4 – Evidence</u>**

The evidence from which you are to find the facts consists of the following:

1. The testimony of the witnesses;

2. Documents and other things received as exhibits;

3. Any facts that are stipulated—that is, formally agreed to by the parties; and

4. Any facts that are judicially noticed—that is, facts I say you must accept as true even without other evidence.

The following things are not evidence:

1. Statements, arguments, and questions of the lawyers for the parties in this case;

2. Objections by lawyers;

3. Any testimony I tell you to disregard; and

4. Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not

be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.

*Model Civ. Jury Instr. 3rd Cir. 1.5 at pp. 9-10 (2017)*

| Modified: _____ | Unchanged: X |
|---|---|

**<u>Proposed Jury Instruction No. 5 – Direct and Circumstantial Evidence</u>**

*Option 2:*

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses — something the witness has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

*Model Civ. Jury Instr. 3rd Cir. 1.6 at pp. 11-12 (2017)*

| Modified: _____ | Unchanged: <u>X</u> |
|---|---|

**Proposed Jury Instruction No. 6 – Credibility of Witnesses**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) the quality of the witness's understanding and memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7) any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

*Model Civ. Jury Instr. 3rd Cir. 1.7 at pp. 13-14 (2017)*

| Modified: _____ | Unchanged: X |
| --- | --- |

**<u>Proposed Jury Instruction No. 7 – Preponderance of the Evidence</u>**

This is a civil case.  Plaintiffs are the party that brought this lawsuit.  Defendant is the party against which the lawsuit was filed.  Plaintiffs have the burden of proving their case by what is called the preponderance of the evidence.  That means Plaintiffs have to prove to you, in light of all the evidence, that what they claim is more likely so than not so.  To say it differently: if you were to put the evidence favorable to Plaintiffs and the evidence favorable to Defendant on opposite sides of the scales, Plaintiffs would have to make the scales tip somewhat on their side.  If Plaintiffs fail to meet this burden, the verdict must be for Defendant.  If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

On certain issues, called affirmative defenses, Defendant has the burden of proving the elements of the defense by a preponderance of the evidence. I will instruct you on the facts that will be necessary for you to find on this affirmative defense.  An affirmative defense is proven if you find, after considering all evidence in the case, that Defendant has succeeded in proving that the required facts are more likely so than not so.

**[[Defendant] has also brought claims for relief against [plaintiff], called counterclaims. On these claims, [defendant] has the same burden of proof as has [plaintiff] on [his/her/its] claims.]]**

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

*Model Civ. Jury Instr. 3rd Cir. 1.10 at pp. 19-20 (2017)*

| Modified: ___ | Unchanged: X |
|---|---|

## **Proposed Jury Instruction No. 8 – Description of Trial Proceedings**

The trial will proceed in the following manner:

First, attorney(s) for Plaintiffs will make an opening statement to you. Next, attorney(s) for Defendant may make an opening statement. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After [Before] the attorneys have made their opening statements, I will instruct you on the applicable law and then each party is given an opportunity to present its evidence.

Plaintiffs go first because Plaintiffs have the burden of proof. Plaintiffs will present witnesses whom counsel for Defendant may cross-examine, and Plaintiffs may also present evidence. Following Plaintiffs' case, Defendant may present evidence. Counsel for Plaintiffs may cross-examine witnesses for the defense. After the parties' main case is presented, they may be permitted to present what is called rebuttal evidence.

After all the evidence has been presented, I will instruct you on the law and then the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions. As with opening statements, closing arguments are not evidence. Once the closing arguments are completed, I will then instruct you on the law. After that you will retire to the jury room to deliberate on your verdict in this case.

**[At this point the court may wish to inform the jury of the scheduling and length of the trial, and other logistical information.]**

*Model Civ. Jury Instr. 3rd Cir. 1.10 at p. 22.(2017)*

| Modified: _____ | Unchanged: X |
|---|---|

**Proposed Jury Instruction No. 9 – Opinion Testimony**

You will hear testimony containing opinions from <u>Michael Stoddard, William Vigilante, Kenneth Garside, Frank Schwalje, J.P. Purswell and John McHenry</u>.  In weighing this opinion testimony, you may consider his qualifications, the reasons for his opinions, and the reliability of the information supporting those opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness.  The opinions of <u>Michael Stoddard, William Vigilante, Kenneth Garside, Frank Schwalje, J.P. Purswell and John McHenry</u> should receive whatever weight and credit, if any, you think appropriate, given all the other evidence in the case.

In deciding whether to accept or rely upon the opinion of <u>Michael Stoddard, William Vigilante, Kenneth Garside, Frank Schwalje, J.P. Purswell and John McHenry</u> you may consider any bias that <u>they</u> may have, including any bias that may arise from evidence that <u>they have</u> been or will be paid for reviewing the case and testifying or from evidence that <u>they</u>  <u>testify</u> regularly and make a large portion of <u>their</u> [his] income from testifying in court.

*Model Civ. Jury Instr. 3rd Cir. 2.11 at p. 34 (2017)*

| Modified: _____ | Unchanged:  X |
|---|---|

**<u>Proposed Jury Instruction No. 32 – Negligence – Factual Cause</u>**

In order for the Plaintiffs to recover in this case, Defendant's negligent conduct must have been a factual cause in bringing about harm.  Conduct is a factual cause of harm when the harm would not have occurred absent the conduct.  To be a factual cause, the conduct must have been an actual, real factor in causing the harm, even if the result is unusual or unexpected.   A factual cause cannot be an imaginary or fanciful factor having no connection or only an insignificant connection with the harm.

To be a factual cause, Defendant's conduct need not be the only factual cause. The fact that some other causes concur with Defendant's negligence in producing an injury does not relieve Defendant from liability as long as its own negligence is a factual cause of the injury.

*13.20 (Civ) Factual Cause, Pa. SSJI (Civ), §13.20 (2014)*

| Modified: _____ | Unchanged: <u>X</u> |
|---|---|

**<u>Proposed Jury Instruction No.  40 – Damages – Measure of Damages to Personal Property</u>**

I now instruction on the law for the proper measure of damages to the Plaintiffs' personal property.

The measure of damages for the total loss or destruction of personal property is its reasonable value at the time of the loss, considering its age, condition at that time, and any post-tort salvage value. *Noerr v. Lewistown Smelting & Refining, Inc.*, 60 Pa. D. & C.2d 406, 1973 WL 16571 (C.P. 1973); *Daughen v. Fox*, 372 Pa. Super. 405, 539 A.2d 858 (1988); *Denby v. North Side Carpet Cleaning Co.*, 257 Pa. Super. 73, 390 A.2d 252 (1978); *Denby v. North Side Carpet Cleaning Co.*, 257 Pa. Super. 73, 390 A.2d 252 (1978); *Russell v. United States*, 113 F. Supp. 353 (M.D. Pa. 1953).

**Proposed Jury Instruction No. 41 – Damages – Additional Living Expenses**

I now instruction on the law for the recovery of additional living expenses the Plaintiffs claim to have occurred as a result of this fire.

When one's property is damaged, the injured party is entitled to compensation for all financial losses resulting from the destruction of its property. Additional or extraordinary expenses are an element of damages which should be considered where the amount of such expenses can be determined with reasonable accuracy from the evidence. These additional and extraordinary expenses would include Plaintiffs' additional living expenses and the cost to clean up the building after the fire. *Spiese v. Mutual Trust Co.,* 258 Pa. 414, 102 A. 119 (1917); *Donnan v. Pennsylvania Torpedo Company,* 26 Pa. Super. 324 (1904); *Pa. Suggested Standard Jury Instructions,* Civil, 6.01 J. (1981).

CERTIFICATE OF SERVICE

    I, Patrick A. Hughes, Esquire, hereby certify that a true and correct copy of the Parties' Proposed Jury Instructions was served upon counsel of record by the filing of said Proposed Jury Instruction on the Court's ECF system.

                                      de LUCA LEVINE LLC

                      **BY:**  Patrick A. Hughes
                             RAYMOND E. MACK, ESQUIRE
                             P.A. ID No. 91815
                             rmack@delucalevine.com
                             PATRICK A. HUGHES, ESQUIRE
                             P.A. ID No. 91415
                             phughes@delucalevine.com
                             Three Valley Square, Suite 220
                             Blue Bell, PA  19422
                             215-383-0081 (Main) / 215-383-0082 (fax)
                             ATTORNEYS FOR PLAINTIFFS

Date:  **January 15, 2019**