**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, and ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY,**<br><br>             **Plaintiffs**<br>     **v.**<br><br>**ELECTROLUX HOME PRODUCTS, INC.**<br><br>             **Defendant** | **Case No.: 16-cv-04276 EGS** |

## PLAINTIFFS PROPOSED JURY INSTRUCTIONS

Plaintiffs, by and through their counsel, hereby submit the following Proposed Jury Instructions. The Plaintiffs reserve the right to supplement or revise the following Proposed Jury Instructions based on the evidence that develops at trial or as may otherwise be appropriate.

**de LUCA LEVINE LLC**

**BY:**  /s/ Patrick A. Hughes
RAYMOND E. MACK, ESQUIRE
PA ID No.: 91815
E-Mail:  rmack@delucalevine.com
PATRICK A. HUGHES, ESQUIRE
PA ID No.: 91415
E-Mail:  phughes@delucalevine.com
ATTORNEYS FOR PLAINTIFFS
512 Township Line Road, Suite 220
Blue Bell, PA  19422
Telephone:(215) 383-0081

## Proposed Jury Instruction No. 10 - Strict Liability

The Plaintiffs' case against Defendant is based in part on the law of strict liability.

The Plaintiffs claim that they were harmed by ball-hitch clothes dryers designed, manufactured and distributed by Defendant.  Here, Plaintiffs assert three distinct theories of how Defendant's dryers were defective: (1) the design permits lint to accumulate behind the dryer drum, out of sight and inaccessible to the user and in close proximity to the heat source, allowing it to ignite; (2) the use of combustible plastic parts instead of metal parts allows the fire to breach the dryer cabinet and constitutes a source of secondary fuel, causing the fire to spread instead of being contained; and (3) the warnings do not adequately inform consumers of the fire hazard posed by these design features.  The Plaintiffs also claim that the dryers contained a manufacturing defect in their felt seals that caused the seals to compress and a gap to form between the lower felt and the drum glide resulting in poor airflow and lint accumulation inside the dryer cabinet.

A product is defective and the defendant is liable for all harm caused by the product if you find that:

1. at the time the product left Defendant's control, it lacked any element necessary to make it safe for its intended use or use in an unintended but reasonably foreseeable way, or contained any condition that made it unsafe for its intended use or use in an unintended but reasonably foreseeable way; and

2. the product reached the user or consumer without substantial change in the condition in which it is sold.

Under the law, a manufacturer of a defective product is strictly liable for the injuries caused by such defect, even if the manufacturer has taken all possible care in the design, manufacture, distribution, and sale of the product.

*16.10 (Civ) General Rule of Strict Liability, Pa. SSJI (Civ), §16.10 (2016); Tincher v. Omega Flex, Inc., 628 Pa. 296, 388, 104 A.3d 328, 383 (2014) (Restatement (2d) of Torts § 402A cmt. c.) Pavlik v. Lane Ltd./Tobacco Exp. Int'l, 135 F.3d 876, 881 (3d. Cir. 1998)*

| Modified:  X | Unchanged: _____ |
|---|---|

### Proposed Jury Instruction No. 11 - Strict Liability – Duty of Care

"A seller, by marketing his product for use and consumption, has undertaken and assumed a special responsibility toward any member of the consuming public who may be injured by it."  The "public has a right to and does expect, in the case of products which it needs and for which it is forced to rely upon the seller, that reputable sellers will stand behind their goods."  "[P]ublic policy demands that the burden of accidental injuries caused by products intended for consumption be placed upon those who market them, and be treated as a cost of production against which liability insurance can be obtained."  A "consumer of such products is entitled to the maximum of protection at the hands of someone, and proper persons to afford it are those who market the products."

"Stated affirmatively, a person or entity engaged in the business of selling a product has a duty to make and /or market the product – which is expected to and does reach the user or consumer without substantial change in the condition in which it is sold – free from a defective condition.

*Tincher v. Omega Flex, 104 A.3d 328, 383 (Pa. 2014).*

**<u>Proposed Jury Instruction No. 12 - Strict Liability versus Negligence</u>**

A manufacturer is liable if that manufacturer designs a defective product despite taking all reasonable steps to make a safe product.  That is, the law provides that if a product is unsafe in its design, then the manufacturer is responsible for all resulting harm.  Under Plaintiffs' strict liability claims, the conduct a due care of the manufacturer is not relevant and must not be considered by you.

*Tincher v. Omega Flex,* 104 A.3d 328, 400 (Pa. 2014)

## **Proposed Jury Instruction No. 13– Strict Liability – Determination of Design Defect - Consumer Expectation Test**

The Plaintiffs claim that they were harmed by products that were defective under the consumer expectation test.  To establish their claim under the consumer expectation test, the Plaintiffs must prove all of the following:

1. that Defendant designed, manufactured, distributed or sold the products; and

2. the products did not perform as safely as an ordinary consumer would have expected them to perform when used in an intended way or used in an unintended but reasonably foreseeable way; and

3. the products' defective condition was a factual cause of the Plaintiffs' harm.

In determining whether a products' condition was defective under this test, you may consider the following factors:

1. the nature of the products;

2. the identity of the user;

3. the products' intended use;

4. the intended user of the products; and/or

5. any express or implied representations by Defendant.

*16.20 (Civ) Determination of Design Defect, Pa. SSJI (Civ), §16.20 (2016); Tincher v. Omega Flex, Inc., 628 Pa. 296, 388, 104 A.3d 328, 378 (2014)*

| Modified: _____ | Unchanged: <u>X</u> |
|---|---|

**<u>Proposed Jury Instruction No. 14– Strict Liability – Determination of Design Defect</u>**
**<u>- Risk-Utility Test – Shifting Burden of Proof Alternative Charge</u>**

The Plaintiffs also claim that the products were defective because they failed the risk-utility test.  Under this test, you may find the products defective if you determine that a reasonable person would conclude that the possibility and seriousness of the harm caused by the products outweigh the burden or costs of taking precautions.

To establish this claim, the Plaintiffs must prove all of the following:

1. that Defendant manufactured, distributed or sold the products;

2. that the Plaintiffs were harmed; and

3. that the products' design was a factual cause in causing harm to the Plaintiffs.

If the Plaintiffs have proved these three facts, then your decision on this claim must be for the Plaintiffs unless Defendant proves that the benefits of the products' design outweigh the risks of the design.  In deciding whether the benefits outweigh the risks, you should consider the following:

1. the seriousness of the potential harm resulting from the use of the products;

2. the likelihood that this harm would occur;

3. the feasibility of an alternative safer design at the time of manufacture;

4. the cost of an alternative design; [and]

5. the disadvantages of an alternative design;

*16.20 (Civ) Determination of Design Defect, Pa. SSJI (Civ), §16.20 (2016); Subcommittee notes; <mark>Tincher v. Omega Flex,</mark>* 104 A.3d 328, 389-390 (Pa. 2014).

| Modified: _____ | Unchanged: <u>X</u> |
| --- | --- |

## Proposed Jury Instruction No. 15 – Strict Liability – Enhanced Injury Doctrine

The Plaintiffs also claim that the dryers were defective because they used plastic components instead of metal.   The plastic components acted as fuel for the initial lint fire and allowed the fire to spread within and escape the dryers.    The Plaintiffs allege this enhanced or increased the damages they suffered.

Under Pennsylvania law, the enhanced injury doctrine provides that a manufacturer is liable when the defect does not cause the initial accident, here the initial lint fire, but rather increased the severity of the injury over that which would have occurred absent the design defect.  Kupetz v. Deere & Co., 435 Pa. Super. 16, 26, 644 A.2d 1213, 1218 (1994) (citing *Mills v. Ford Motor Co.,* 142F.R.D. 271 (M.D. Pa 1990).

To establish an enhanced injury claim, the Plaintiffs must prove all of the following:

1. that the design of the dryers were defective and that when the design was made, an alternative, safer design practicable under the circumstances existed;

2. what injuries, if any, would have resulted to the Plaintiffs had the alternative, safer design been in fact used; and

3. some method of establishing of establishing the extent of the Plaintiffs' enhanced injuries attributable to the defective design.

Here, if the Plaintiffs have proved these three facts, then your decision on this claim must be for the Plaintiffs.

*Calloway v. Hobart Corp*., 1993 WL 172898 at P. 4 (E.D. Pa 1993) (*citing Larsen v. General Motors Corp.,* 391 F.2d 495, 503 (8th Cir. 1968)).

## **Proposed Jury Instruction No. 16 - Strict Liability – Manufacturing Defect – Essential Elements**

The Plaintiffs claim that the subject dryer contained a manufacturing defect in their felt seals that caused the seals to compress and a gap to form between the lower felt and the drum glide resulting in poor airflow and lint accumulation inside the dryer cabinet.   A product contains a manufacturing defect if the product differs from the manufacturer's design or specifications or from other typical units of the same product line.  To establish this claim, the Plaintiffs must prove all of the following:

1. That Defendant manufactured, distributed or sold the products;

2. That the products contained a manufacturing defect when it left Defendant's possession;

3. That the Plaintiffs were harmed; and

4. That the products' defect was a factual cause of the Plaintiffs' harm.

*16.15 (Civ) Strict Liability--Manufacturing Defect--Essential Factual Elements, Pa. SSJI (Civ), §16.15 (2016)*

| Modified: <u>X</u> | Unchanged: _____ |
|---|---|

## <u>Proposed Jury Instruction No. 17 - Strict Liability – Strict Liability Upon Proof of a Malfunction</u>

A Plaintiff in a strict liability case may prove his or her case merely by showing the occurrence of a malfunction of a product during normal use.  The Plaintiffs need *not* prove the existence of a specific defect in the product.  The Plaintiffs must prove three facts: that the product malfunctioned, that it was given only normal or anticipated use prior to the accident, and that no reasonable secondary causes were responsible for the accident.

*16.90 (Civ) Strict Liability upon Proof of Malfunction, Pa. SSJI (Civ), §16.90 (2016)*

| Modified: _____ | Unchanged:  <u>X</u> |
| --- | --- |

**Proposed Jury Instruction No. 18 - Strict Liability – Failure to Warn**

The Plaintiffs allege that the dryers were defective because they were sold without certain warnings and instructions necessary for the dryers' safe use.  Here, the Plaintiffs allege the warnings do not adequately inform users of the fire hazard posed by the design features of the dryer.  Specifically, that the ball-hitch design permits lint to accumulate behind the dryer drum, out of sight and inaccessible to the user and in close proximity to the heat source where it can ignite and spread to combustible plastic component parts.

Even a perfectly made and designed product may be defective if not accompanied by proper warnings and instructions concerning its use. A supplier must give the user or consumer any warnings and instructions of the possible risks of using the product that may be required, or that are created by the inherent limitations in the safety of such use. If you find that such warnings or instructions were not given, the defendant is liable for all harm caused to the plaintiff by the failure to warn.

*16.30 (Civ) Duty to Warn, Pa. SSJI (Civ), §16.30 (2016)*

| Modified: X | Unchanged: _____ |
|---|---|

**<u>Proposed Jury Instruction No. 19 - Strict Liability – Failure to Warn</u>**

Under Pennsylvania law, a seller must give such warning and instructions as are required to inform the user or consumer of the possible risks and inherent limitations of his product. *Restatement (Second) of Torts s 402A, comment H.* If the product is defective absent such warnings, and the defect is a proximate cause of the plaintiff's injury, the seller is strictly liable without proof of negligence.

*Berkebile v. Brantly Helicopter Corp.,* 462 Pa. 83, 100, 337 A.2d 893, 902 (1975) abrogated for other reasons by *Reott v. Asia Trend, Inc.,* 618 Pa. 228, 55 A.3d 1088 (2012)

**<u>Proposed Jury Instruction No. 20 - Strict Liability – Failure to Warn</u>**

Where warnings or instructions are required to make a product non-defective, it is the duty of the manufacturer to provide such warnings in a form that will reach the ultimate consumer and inform him/her of risks and inherent limits in the product.

*Berkebile v. Brantly Helicopter Corp.,* 462 Pa. 83, 100, 337 A.2d 893, 903 (1975) abrogated for other reasons by *Reott v. Asia Trend, Inc.,* 618 Pa. 228, 55 A.3d 1088 (2012)

**<u>Proposed Jury Instruction No. 21 - Strict Liability – Failure to Warn</u>**

A product may still be defective even if the danger is warned against.   A manufacturer, like Defendant, may be liable for failure to adequately warn where its warning is not prominent, and not calculated to attract the user's attention to the true nature of the danger due to its position, size, or coloring of its lettering. A warning may be found to be inadequate if its size or print is too small or inappropriately located.   The warning must be sufficient to catch the attention of persons who could be expected to use the product, to apprise them of its dangers, and to advise them of the measures to take to avoid these dangers.

*Pavlik v. Lane Ltd./Tobacco Exporters Int'l, 135 F.3d 876, 887 (3d Cir. 1998)*

**<u>Proposed Jury Instruction No. 22 - Strict Liability – Duty to Warn – Heeding
Presumption for User/Consumer Plaintiff</u>**

      If you find, instead, that there were warnings or instructions required to make this product non-defective, which were not adequately provided by the Defendant, then you may not find for the Defendant based on a determination that, even if there had been adequate warnings or instructions, the Plaintiff would not have read or heeded them. Instead, the law presumes, and you must presume, that if there had been adequate warnings or instructions, the Plaintiffs would have followed them.

*16.50 (Civ) Duty to Warn – Heeding Presumption, Pa. SSJI (Civ), §16.50 (2016)*

| Modified: _____ | Unchanged: <u>X</u> |
|---|---|

**<u>Proposed Jury Instruction No. 23 - Strict Liability – Duty to Warn – Causation,</u>**
**<u>When "Heeding Presumption" for Plaintiff is Rebutted</u>**

If you find, instead, that there were warnings or instructions required to make this product non-defective, which were not adequately provided by the Defendant, then you must decide whether that failure by the Defendant was a factual cause of the harm to the Plaintiffs.  The question, in other words, is whether the Plaintiffs would have been harmed if the needed warning had been provided.  If you find that the Plaintiffs would have acted to avoid the underlying hazard if such a warning had been provided, then you should find on this issue in favor of the Plaintiffs. Otherwise, you should find for the Defendant**.**

*16.60 (Civ) Duty to Warn* – Causation, When "Heeding Presumption" for Plaintiff is Rebutted*, Pa. SSJI (Civ), §16.60 (2016)*

| Modified: _____ | Unchanged: <u>X</u> |
|---|---|

**Proposed Jury Instruction No. 24 - Duty to Provide a Post Sale Duty to Warn**

A manufacturer is required to provide a post-sale warnings to consumers of known dangers associated with its product, even if those dangers were not known to the manufacturer at the time of sale of the product.

*Walton v. Avco,* 610 A.2d 454, 459 - 460 (Pa. 1992)

**Proposed Jury Instruction No. 25 – Factual Cause – Product Liability**

If you find that the product was defective, the Defendant is liable for all harm caused to the Plaintiffs by such defective condition.  A defective condition is the factual cause of harm if the harm would not have occurred absent the defect.  [In order for the plaintiff to recover in this case, the defendant's conduct must have been a factual cause of the accident.]

*16.70 (Civ) Factual Cause--Products Liability, Pa. SSJI (Civ), §16.70 (2016)*

| Modified: _X_ | Unchanged _____ |
|---|---|

**<u>Proposed Jury Instruction No. 26 - Strict Liability – General Rule - Strict Liability<br>Responsibility Nondelegable</u>**

A Defendant in a strict liability case who puts a defective product into the market remains liable to the user or consumer, despite the foreseeable conduct, negligent or otherwise, of others, for the harm created by the product as a result of the defect.

*16.100 (Civ) Strict Liability Responsibility Nondelegable, Pa. SSJI (Civ), §16.100 (2016)*

| Modified: _____ | Unchanged:  <u>X</u> |
|---|---|

**<u>Proposed Jury Instruction No. 27 - Strict Liability – Defenses not available in Strict Liability Claims</u>**

*<u>Knowledge of Defect</u>*

A manufacturer is presumed to have known at all relevant times the facts that had been revealed about the harmful characteristics or consequences of the product's design, even if the manufacturer did not know those facts.   If you find that it would not be reasonable for a manufacturer with such presumed knowledge to have put the product on the market without changing the design, then the product is defective.

*<u>Negligence of Plaintiff</u>*

In determining whether a product is defective or a factual cause of the Plaintiffs' harm, you may not consider any negligence of the ==dryer users==.  Under Pennsylvania law, a manufacturer is not permitted to defend against this claim by asserting that the ==product users== were at fault.

*<u>Industry Customs or Standards</u>*

A manufacturer cannot escape a finding of defect because the product met industry customs or standards on safety.

*16.122 (Civ) Defenses not Available in Strict Liability Claims, Pa. SSJI (Civ), §16.122 (2016)*

| Modified: _____ | Unchanged:  <u>X</u> |
|---|---|

**<u>Proposed Jury Instruction No. 28 – Negligence – Issues in the Case</u>**

The Plaintiffs claim they [he] [she] were [was] harmed, injured and damaged by Defendant's negligent conduct.

Specifically, the Plaintiffs contend that Defendant owed a duty to the dryer users to design a safe dryer, free from latent and hidden fire hazards. Plaintiffs' contend that such a duty required Defendant to adhere to the hierarchy of safe engineering and design during the development and production of the subject dryers.  Plaintiffs contend that Defendant breached its duty by failing to design the hazard of internal lint ignition from the product notwithstanding having previously identified the hazard and knowing how to build a safer dryer with the same functionality and at the same cost.  Plaintiffs contend that Defendant further breached its duty by failing to build a dryer capable of internal lint fire containment, notwithstanding actual knowledge that such a design was feasible, would eliminate the internal lint fire hazard presented by the ordinary use of its dryers and that such a design change was effectively cost-neutral years before the subject dryer was assembled and sold.

Plaintiffs have the burden of proving their [his] [her] claim.

Defendant denies Plaintiffs' claim.  In addition, as a defense, Defendant claims that  dryer users  were negligent and  dryer users'  own negligence was a factual cause in bringing about Plaintiffs' own harm, injury or damage.  Defendant has the burden of proving this defense.

The issues you must decide, in accordance with the law as I give it to you, are:

1. Was  Defendant negligent?

2. Was Defendant's negligent conduct a factual cause in bringing about the harm, injury or damage to Plaintiffs.

3. Were the  dryer users  also negligent?

4. Were the ==dryer users== negligent conduct also a factual cause in bringing about their own

harm, injury or damage?

*13.00 (Civ) Negligence – Issues in the Case, Pa. SSJI (Civ), §13.00 (2016)*

| Modified: <u>X</u> | Unchanged: _____ |
|---|---|

**<u>Proposed Jury Instruction No. 29 – Negligence – General Principle</u>**

In this case, you must decide whether Defendant was negligent. I will now explain what negligence is.

A person must act in a reasonably careful manner to avoid injuring, harming or damaging others.

The care required varies according to the circumstances and the degree of danger at a particular time.

You must decide how a reasonably careful person would act under the circumstances established by the evidence in this case.

A person who does something a reasonably careful person would not do under the circumstances is negligent.

A person also can be negligent by failing to act.

A person who fails to do something a reasonably careful person would do under the circumstances is negligent.

<u>You may find Defendant was negligent under the facts and circumstances of this case if you conclude that a reasonably careful manufacturer would not have designed and distributed the dryer as designed.</u>

*13.10 (Civ) Negligence, Pa. SSJI (Civ), §13.10 (2013)*

| Modified: <u>X</u> | Unchanged: _____ |
|---|---|

## <u>Proposed Jury Instruction No. 30 – Negligence</u>

As to what is "reasonable conduct" in connection with this case, you should consider that dryer manufacturers and sellers, such as Defendant, are held to the standard of experts in the design of their product.  In this regard, Defendant is required to know all of the dangerous features of its product.  Thus, Defendant's failure to have the knowledge necessary to make its product safe may constitute negligence.

*Guffie v. Erie Strayer Co., 350 F.2d 378, 381 (3rd Cir. 1965); (citing* 2 Harper & James, The Law of Torts (1956), § 28.4; Noel, Manufacturer's Negligence of Design or Directions for Use of a Product, 71 Yale L.J. 816, 847 (1962)).

**<u>Proposed Jury Instruction No. 31 – Negligence –Reckless Conduct</u>**

The Plaintiffs claims the Defendant's conduct was not only negligent, but was reckless.

Reckless conduct is significantly worse than negligent conduct.

The risk that harm will be caused by conduct that is reckless is higher than the risk that harm will be caused by conduct that is negligent. A person can be reckless by acting or by failing to act.

To prove that Defendant was reckless, the Plaintiffs must prove the following:

[1. The Defendant knew a danger exists and;

2. The Defendant intentionally acted or failed to act in conscious disregard of the likelihood of harm to others.

Alternatively,]

1. <u>The Defendant should have known harm was certain to occur or reasonably certain to occur; and</u>

2. The Defendant  intentionally acted or failed to act in conscious disregard of the likelihood of harm to others.

*13.60 (Civ) Reckless Conduct, Pa. SSJI (Civ), §13.60 (2012)*

| Modified: _____ | Unchanged: <u>X</u> |
|---|---|

## Proposed Jury Instruction No.  33 – Damages

The fact that I am instructing you about damages does not imply any opinion on my part as to whether damages should be awarded.

If you find that Defendant is liable to the Plaintiffs, you must then find an amount of money damages you believe will fairly and adequately compensate the Plaintiffs for all the physical and financial injury they have sustained as a result of the occurrence.   The amount you award today must compensate the Plaintiffs completely for damages sustained. [in the past, as well as damages the Plaintiffs will sustain in the future.]

7.00 (Civ) Damages, Pa. SSJI (Civ), § 7.00 (2013)

| Modified:  X | Unchanged:  _____ |
|---|---|

## <u>Proposed Jury Instruction No.  34 – Damages</u>

If you conclude that Defendant is liable to the Plaintiffs based on principles of strict liability and negligence, you need to decide the issue of damages.

The paramount rule in assessing damages is that every person unjustly damaged should at least be fully compensated for the damage he or she sustains,  and the function of compensatory damages is primarily to shift the loss from an innocent party to one who is at fault. *Spangler v. Helm's New York Pittsburgh Motor Exp.,* 396 Pa. 482, 153 A.2d 480 (1959); *Esmond v. Liscia,* 209 Pa. Super. Ct. 200, 224 A.2d 793 (1966).

The desired goal of the law is to place the injured party in the same position it occupied before the injury. *Hahn v. Atlantic Richfield Company,* 625 F.2d 1095, 1104 (3d Cir. 1980).

## <u>Proposed Jury Instruction No.  35 – Damages</u>

The objective of awarding damages in a civil action is based on just compensation, indemnity or reparation for the loss or injury sustained by the claimant.  Tort law attempts to place the injured party in the same position he occupied before the injury. *Hahn v. Atlantic Richfield Company,* 625 F.2d 1095, 1104 (3rd Cir. 1980). Damages should be equivalent to the harm inflicted.  *Jones v. Carborundum Co.,* 515 F. Supp. 559 (W.D. Pa. 1981).

**<u>Proposed Jury Instruction No.  36 – Damages</u>**

I instruct you that under Pennsylvania law, evidence in support of a claim for damages is sufficient if it affords a reasonably fair basis for calculating the plaintiffs' loss. The law does not require that proof in support of claims for damages must conform to the standard of mathematical exactness.  *Smail v. Flock,* 407 Pa. 148, 154; 180 A.2d 59, 62 (1962).(Citations omitted).

## **Proposed Jury Instruction No.  37 – Damages**

It is a well-accepted principle of law that proof of damages may be based solely upon a reasonable estimate of the loss. *Burgis v. Philadelphia County,* 169 Pa. Super. 23, 26-27; 82 A.2d 561, 564  (Pa. Super. 1951).

**<u>Proposed Jury Instruction No.  38 – Damages</u>**

You are instructed that the Plaintiffs, as the owner of the damaged property, consisting of their dwelling and the personal property located in the premises, are competent witnesses to testify through its representatives, as to the value of the property that was damaged or destroyed by fire. *Watsontown Brick Company v. Hercules Powder Company,* 265 F. Supp. 268, 275 (M.D. Pa. 1967).

**<u>Proposed Jury Instruction No. 39 – Damages – Measure of Damages to Real Property – Repairable Damages</u>**

I now instruction on the law for the proper measure of damages to the Plaintiffs' real property.

In an action such as this, involving damage to the Plaintiffs' home, I charge you that the measure of damages to the Plaintiffs is the cost of repair or restoration of the fire damage to its home, which resulted from the allegedly wrongful conduct of Defendant. *Rabe v. Shoenberger Coal Co.,* 213 Pa. 252, 256, 62 Atl. 854, 855 (1905); *Lobozzo v. Adam Eidemiller,* Inc., 437 Pa. 360, 263 A.2d 432, 437 n.6 (1970).

**Proposed Jury Instruction No.  42 – Damages**

The paramount rule in assessing damages is that every person unjustly damaged should at least be fully compensated for the damage he or she sustains, and the function of compensatory damages is primarily to shift the loss from an innocent party to one who is at fault. *Spangler v. Helm's New York Pittsburgh Motor Exp.,* 396 Pa. 482, 153 A.2d 480 (1959); *Esmond v. Liscia,* 209 Pa. Super. Ct. 200, 224 A.2d 793 (1966). The desired goal of the law is to place the injured party in the same position it occupied before the injury. *Hahn v. Atlantic Richfield Company,* 625 F.2d 1095, 1104 (3d Cir. 1980).

## Proposed Jury Instruction No.  43 – Punitive Damages

The Plaintiffs have also asserted a claim for punitive damages.

If you find that the conduct of Defendant was outrageous, you may award punitive damages, as well as any compensatory damages in instructed you about previously, in order to punish Defendant for its conduct and to deter Defendant and others from committing similar acts.

A person's or corporation's conduct is outrageous when it is malicious, wanton, willful, or oppressive, or shows reckless indifference to the interests of others.

*8.00 (Civ) Punitive Damages — General Instructions, PA. SSJI (Civ), § 8.00 (2013).*

| Modified: _____ | Unchanged: <u>X</u> |
|---|---|

**<ins>Proposed Jury Instruction No.  44 – Punitive Damages</ins>**

If you decide that the Plaintiffs are entitled to an award of punitive damages, it is your job to fix the amount of such damages. In doing so, you may consider any or all of the following factors:

1.   the character of Defendant's act,

2. the nature and extent of the harm to the Plaintiffs that Defendant caused or intended to cause; in this regard you may include the Plaintiffs' trouble and expense in seeking to protect their interests in legal proceedings and in this suit,

3. the wealth of Defendant insofar as it is relevant in fixing an amount that will punish it, and deter it and others from like conduct in the future.

It is not necessary that you award compensatory damages to the Plaintiffs in order to assess punitive damages against Defendant, as long as you find in favor of the Plaintiffs and against Defendant on the question of liability.

The amount of punitive damages awarded must not be the result of passion or prejudice against Defendant on the part of the jury. The sole purpose of punitive damages is to punish Defendant's outrageous conduct and to deter Defendant and others from similar acts.

*8.20 (Civ) Punitive Damages — Amount of Award, PA. SSJI (Civ), § 8.20 (2013)*

| Modified: _____ | Unchanged:  <ins>X</ins> |
|---|---|

<u>CERTIFICATE OF SERVICE</u>

     I, Patrick A. Hughes, Esquire, hereby certify that a true and correct copy of the Plaintiffs Proposed Jury Instructions was served upon counsel of record by the filing of said Proposed Jury Instruction on the Court's ECF system.

               de LUCA LEVINE LLC

**BY:**   <u>Patrick A. Hughes</u>
        RAYMOND E. MACK, ESQUIRE
        P.A. ID No. 91815
        rmack@delucalevine.com
        PATRICK A. HUGHES, ESQUIRE
        P.A. ID No. 91415
        phughes@delucalevine.com
        Three Valley Square, Suite 220
        Blue Bell, PA  19422
        215-383-0081 (Main) / 215-383-0082 (fax)
        ATTORNEYS FOR PLAINTIFFS

Date: **<u>January 15, 2019</u>**