IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, and ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY,**<br><br>       **Plaintiffs**<br>   v.<br><br>**ELECTROLUX HOME PRODUCTS, INC.**<br><br>       **Defendant** | **Case No.: 16-cv-04276 EGS** |

**PLAINTIFFS' PROPOSED VERDICT FORM**

**Design Defect – Lint Ignition**

1. Were the dryers defective because, when put to normal use, they performed less safely than an ordinary consumer would have expected?

    YES _____      NO _____

    **Please answer Question 2.**

2. Were the dryers defective because, when used normally, the risk of fire outweighed their utility?

    YES _____      NO _____

    **If you answered "Yes" to Question 1 or Question 2, please answer Question 3. If you answered "No" to Questions 1 and 2, please skip Question 3 and answer Question 4.**

3. Was the normal use of the dryers a substantial factor in causing the damage that occurred?

   YES _____    NO _____

   **Please answer Question 4.**

**Design Defect – Enhanced Injury**

4. Once the initial lint fire began, did the dryers perform as safely as an ordinary consumer would have expected?

   YES _____    NO _____

   **Please answer Question 5.**

5. Did the risk that the dryers would fail to contain flame and smoke if they experienced an internal lint fire outweigh the dryers' utility?

   YES _____    NO _____

   **If you answered "Yes" to Question 4 or Question 5, please answer Question 6. If you answered "No" to Questions 4 and 5, please skip Questions 6 and 7 and answer Question 8.**

6. Did an alternative, safer design practicable under the circumstances exist at the time the dryers were sold that would have reduced the risk of flame or smoke escape from the dryers during a lint fire?

   YES _____    NO _____

   **If you answered "Yes" to Question 6, please answer Question 7. If you answered "No" to Question 6, please skip Question 7 and answer Question 8.**

7. What percentage, if any, of Plaintiffs' damages resulted from flame or smoke that escaped from the dryers?

| | |
|---|---|
| Brunilda Almodovar | % _____ |
| Rachael Bullene | % _____ |
| Cynthia and Benson Christie | % _____ |
| Robert and Delores Gray | % _____ |
| Napoleon and Elizabeth Gutierrez | % _____ |
| Jennifer and Daniel Quinn | % _____ |
| Greg and Salome Venbrux | % _____ |
| Marc and Lisa Weiss | % _____ |

**Please answer Question 8.**

**Design Defect – Warnings**

8. Were the dryers sold without warnings necessary for their safe use?

   YES _____    NO _____

   **Please answer Question 9.**

9. Was the lack of warnings a substantial factor in causing the Plaintiffs' damages?

   YES _____    NO _____

   **Please answer Question 10.**

10. If warnings were supplied with the dryers at the time of sale, were the warnings adequate to alert users to the risk of fire associated with the dryers' normal use?

    YES _____        NO _____

    **Please answer Question 11.**

**Manufacturing Defect**

11. Were the dryers defective because they contained a manufacturing flaw at the time they were sold?

    YES _____        NO _____

    **If you answered "No" to Question 11, please skip Question 12 and answer Question 13.**

12. Was the defect a substantial factor in causing the Plaintiffs' damages?

    YES _____        NO _____

    **Please answer Question 13.**

**Negligence - Engineering & Design**

13. Was Electrolux negligent in failing to reduce the risks or hazards, as much as practicable, of internal lint fires caused by foreseeable installation, maintenance and use of the dryers?

    YES _____        NO _____

    **Please answer Question 14.**

14. Was Electrolux negligent in failing to reduce the risks or hazards, as much as practicable, of internal lint accumulation caused by the dryers being installed, maintained and used in a foreseeable manner in the field?

    YES _____        NO _____

**Please answer Question 15.**

15. Was Electrolux negligent in failing to reduce the risks or hazards, as much as practicable, of fire escape and external property damage caused by dryers being installed, maintained and used in a foreseeable manner in the field?

    YES _____     NO _____

    **Please answer Question 16.**

16. Was Electrolux negligent in failing to reduce the risks or hazards, as much as practicable, caused by dryers being installed in a manner inconsistent with Electrolux's written specifications?

    YES _____     NO _____

    **Please answer Question 17.**

17. Was Electrolux negligent in failing to reduce the risks or hazards, as much as practicable, caused by reduced air flow through the dryers during operation?

    YES _____     NO _____

    **Please answer Question 18.**

18. Was Electrolux negligent in failing to properly identify hazards that could result in property damage or user injury caused by dryers being installed, maintained and used in a foreseeable manner?

    YES _____     NO _____

    **Please answer Question 19.**

19. Was Electrolux negligent in failing to provide users with specific instructions regarding how to execute the protocol to properly disassemble, clean and reassemble of the dryers?

    YES _____        NO _____

    **Please answer Question 20.**

20. Was Electrolux negligent in failing to incorporate an instrumentation into the design of the dryers to detect and alert users to the presence of dangerous conditions, such as a reduced airflow, that increased the risk of fire during foreseeable use?

    YES _____        NO _____

    **Please answer Question 21.**

21. Was Electrolux negligent in failing to conduct a risk-utility analysis to determine whether its dryer design was safe for consumer use?

    YES _____        NO _____

    **Please answer Question 22.**

22. Was Electrolux negligent in failing to analyze existing and available data concerning the safety performance of dryers similarly designed to determine whether the dryer was the safest it could practically produce?

    YES _____        NO _____

    **Please answer Question 23.**

23. Was Electrolux negligent in failing to design a dryer capable of detecting unsafe airflow restriction during foreseeable use and preventing the dryer from operating until proper airflow was restored?

    YES _____        NO _____

    **Please answer Question 24.**

24. Was Electrolux negligent in failing to attach on-product labeling alerting users to the unique lint fire hazards caused by foreseeable use and instructing users how to avoid those hazards?

    YES _____      NO _____

    **Please answer Question 25.**

25. Was Electrolux negligent in failing to warn users about the risks and hazards caused by not washing the dryer's lint screen using a brush and water after every use?

    YES _____      NO _____

    **Please answer Question 26.**

26. Was Electrolux negligent in failing to warn users that certain dryer vent system components that are UL-approved as safe for use with clothes dryers generally are, in fact, unsafe for use with its dryers?

    YES _____      NO _____

    **Please answer Question 27.**

27. Was Electrolux negligent in failing to adequately instruct users how to identify performance problems indicative of an increased risk of fire?

    YES _____      NO _____

    **If any you answered "YES" to any of the questions from Question 13 through Question 27, please answer Question 28.  If you answered "NO" to all of the questions from Question 13 through Question 27, please skip Question 28 and answer Question 29.**

28. Was Electrolux's pre-sale negligence a substantial factor in causing the Plaintiffs' damages?

    YES _____      NO _____

    **Please answer Question 27.**

**Post-Sale Negligence – Failure to Warn**

29. Was Electrolux negligent in failing to warn users about defects in the dryer's front drum seal?

    YES _____     NO _____

    **Please answer Question 30.**

30. Was Electrolux negligent in failing to warn users that the dryers were more likely to sustain a lint fire during normal use and less likely to contain such a lint fire within the dryer's cabinet than the majority of dryers sold in the United States at the time the dryers were distributed?

    YES _____     NO _____

    **Please answer Question 31.**

31. Was Electrolux negligent in failing to warn users that warnings and instructions distributed with the dryers at the time of sale inadequately conveyed dangers caused by foreseeable installation, maintenance and use of the dryers?

    YES _____     NO _____

    **If any you answered "YES" to any of the questions from Question 29 through Question 31, please answer Question 32.  If you answered "NO" to all of the questions from Question 29 through Question 31, please skip Question 32 and answer Question 33.**

32. Was Electrolux's post-sale negligence a substantial factor in causing the Plaintiffs' damages?

    YES _____     NO _____

    **Please answer Question 33.**

**<u>Damages</u>**

33. How much do you award the Plaintiffs to fairly compensate them for the damages they sustained?

    $_____ (USD).

    **Please answer Question 34.**

34. Did Electrolux engage in conduct is that was malicious, wanton, willful, or oppressive, or shows reckless indifference to the interests of others?

    YES _____     NO _____

    **If you answer yes, please answer Question 35.   If you answered no, do not answer any other question.**

35. What amount of punitive damages, if any, do you aware Plaintiffs?

    $_____ (USD).

**Please sign the Verdict Slip and notify the courtroom deputy that you have completed deliberations.**


**Date:_____**                                    _____
                                                             **Foreperson**

## **CERTIFICATE OF SERVICE**

I, Patrick A. Hughes, Esquire, hereby certify that a true and correct copy of the Plaintiffs' Proposed Verdict Form was served upon counsel of record by the filing of said Proposed Verdict Form on the Court's ECF system.

**de LUCA LEVINE LLC**

**BY:**  Patrick A. Hughes
RAYMOND E. MACK, ESQUIRE
P.A. ID No. 91815 rmack@delucalevine.com
PATRICK A. HUGHES, ESQUIRE
P.A. ID No. 91415 phughes@delucalevine.com
Three Valley Square, Suite 220
Blue Bell, PA  19422
215-383-0081 (Main) / 215-383-0082 (fax)
ATTORNEYS FOR PLAINTIFFS

Date:  **January 15, 2019**