**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE INDEMNITY COMPANY; ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY; ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY | : NO. 5:16-cv-04276-EGS :  :  :  : |
| v. | : |
| ELECTROLUX HOME PRODUCTS, INC. | : JURY TRIAL DEMANDED : |

**DEFENDANT, ELECTROLUX HOME PRODUCTS, INC.'S**
**PROPOSED VERDICT SHEET - ALMODOVAR**

Defendant, Electrolux Home Products, Inc. ("Electrolux"), by and through its counsel, Nicolson Law Group LLC, respectfully submits the within Proposed Verdict Sheet.

Strict Liability

1. Do you find that the Almodovar dryer had a defect that made it unreasonably dangerous when it left Electrolux's control?

    Yes _____   No _____

    If you answered Question 1 "No," you should continue to Question 8. If you answered Question 1 "Yes," you should continue to Question 2.

2. Was the unreasonably dangerous condition of the Almodovar dryer a factual cause of the fire at the Almodovar home and Allstate's damages?

    Yes _____   No _____

    If you answered Question 2 "No," you should continue to Question 8. If you answered Question 2 "Yes," you should continue to Question 3.

3. Was the Almodovar dryer misused after it left Electrolux's control?

    Yes _____   No _____

    If you answered Question 3 "No," you should continue to Question 5. If you answered Question 3 "Yes," you should continue to Question 4.

   4. Do you find that the misuse of the Almodovar dryer was a factual cause of the fire at the Almodovar home and Allstate's damages?

   Yes _____   No _____

   If you answered Question 4 "No," you should continue to Question 5.  If you answered Question 4 "Yes," you should continue to Question 8.

   5. Do you find that the Almodovar dryer was substantially altered after it left Electrolux's control?

   Yes _____   No _____

   If you answered Question 5 "No," you should continue to Question 7.  If you answered Question 5 "Yes," you should continue to Question 6.

   6. Do you find that the substantial alteration of the Almodovar dryer was a factual cause of the fire at the Almodovar home and Allstate's damages?

   Yes _____   No _____

   If you answered Question 6 "No," you should continue to Question 7.  If you answered Question 6 "Yes," you should continue to Question 8.

   7. Do you find that Brunilda and Anselmo Almodovar assumed the risk?

   Yes _____   No _____

   If you answered Question 7 "No," you should continue to Question 8.  If you answered Question 7 "Yes," you should continue to Question 8.

Negligence

   8. Do you find that Electrolux was negligent in designing and in providing warnings or instructions for the Almodovar dryer?

   Yes _____   No _____

   If you answered Question 8 "No," you should continue to Question 12.  If you answered Question 8 "Yes," you should continue to Question 9.

   9. Do you find that Electrolux's negligence in designing and in providing warnings or instructions for the Almodovar dryer was a factual cause of the fire at the Almodovar home and Allstate's damages?

   Yes _____   No _____

If you answered Question 9 "No," you should continue to Question 12.  If you answered Question 9 "Yes," you should continue to Question 10.

10. Do you find that Brunilda and Anselmo Almodovar were negligent?

Yes _____    No _____

If you answered Question 10 "No," you should continue to Question 12.  If you answered Question 10 "Yes," you should continue to Question 11.

11. Do you find that Brunilda and Anselmo Almodovar's negligence was a factual cause of the fire at the Almodovar home and Allstate's damages?

Yes _____    No _____

If you answered Question 11 "No," you should continue to Question 12.  If you answered Question 11 "Yes," you should continue to Question 12.

Damages

12. Did you answer "Yes" to Question 2 and "No" to Questions 4, 6 or 7?

Yes _____    No _____

If you answered Question 12 "No," you should continue to Question 13.  If you answered Question 12 "Yes", you should continue to Question 13.

13. Did you answer "Yes" to Questions 9 and 11?

Yes _____    No _____

If you answered Question 13 "No," you should continue to Question 15.  If you answered Question 13 "Yes," you should continue to Question 14.

14. For each of the parties that you found had acted negligently and whose conduct you found was a factual cause in bringing about Allstate's damages, you must assign a percentage of fault. You must now decide the degree of negligence for each party you have found responsible for the Almodovar fire and Allstate's damages.  Each party's degree of fault should be expressed in a percentage so that the total percentages add up to 100.

Percentage attributable to Brunilda and Anselmo Almodovar
(Answer only if you have answered "Yes" to Questions
10 and 11 as to Brunilda and Anselmo Almodovar).                                    _____%

Percentage attributable to Electrolux

(Answer only if you have answered "Yes" to Questions 8 and 9 _____%
as to Electrolux Home Products, Inc.)

**The total must equal 100%.**

Proceed to Question 15.

15. Did you answer "Yes" to Questions 12 or 13?

Yes _____   No _____

If "No," Allstate cannot recover and you should not answer any further questions and return to the courtroom. If "Yes," proceed to Question 16.

16. State the amount of damages, if any, sustained by Allstate as a result of the Almodovar fire.

$ _____

After you have completed your answers to these questions on the verdict form, signed by your foreperson, please notify the Court Staff that a decision has been reached and you will be called by the Judge back into the Courtroom.


Date: _____   _____
                                                JURY FOREPERSON

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE INDEMNITY COMPANY; ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY; ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY | : NO. 5:16-cv-04276-EGS : : : : |
| v. | : |
| ELECTROLUX HOME PRODUCTS, INC. | : JURY TRIAL DEMANDED : |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Defendant Electrolux Home Products, Inc.'s Proposed Verdict Sheet, was served electronically on the date stated below, upon the following:

> Raymond E. Mack, Esquire
> Patrick A. Hughes, Esquire
> de Luca Levine, LLC
> Three Valley Square
> 512 E. Township Line Road, Suite 220
> Blue Bell, PA 19422

BY:
NICOLSON LAW GROUP LLC

/s/ Melissa L. Yemma
CHERYL M. NICOLSON, ESQ.
Attorney I.D. No. 57422
MELISSA L. YEMMA, ESQ.
Attorney I.D. No. 92194
Rose Tree Corporate Center II
1400 N. Providence Road, Suite 6035
Media, PA 19063
(610) 891-0300
nicolson@nicolsonlawgroup.com
yemma@nicolsonlawgroup.com

JONATHAN F. FECZKO, ESQ.
Admitted *Pro Hac Vice*
TUCKER ELLIS LLP

                                              950 Main Avenue, Suite 1100  
                                              Cleveland, OH 44113  
                                              (216) 696-3161  
                                              jonathan.feczko@tuckerellis.com

*Attorneys for Defendant Electrolux Home Products, Inc.*

DATE: January 15, 2019