**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, and ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY,**<br><br>    **Plaintiffs**<br>  **v.**<br><br>**ELECTROLUX HOME PRODUCTS, INC.**<br><br>    **Defendant** | **Case No.: 16-cv-04276 EGS** |

## PLAINTIFFS' AMENDED PROPOSED VERDICT FORM

1. Was a defect in the ball-hitch dryers manufactured by the defendant a substantial factor in the cause of the damages sustained by the plaintiffs?

Yes _____ No _____

If you answered "yes," please go to the next question. If you answered "no," please skip to Question #3.

2. How much do you award the plaintiffs to compensate them for the damages caused by the defective dryers?

Amount $_____

3. Were the ball-hitch dryers at issue in this case negligently designed by the defendant?

Yes _____ No _____

If you answered "yes," please go to the next question. If you answered "no," please skip to Question #5.

4. Was the defendant's negligent design of the dryers a substantial factor in the cause of the damages sustained by the plaintiffs.

Yes _____    No _____

5. Was the defendant negligent in failing to issue post-sale warnings about the ball-hitch dryers' latent dangers?

Yes _____    No _____

If you answered "yes," please go to the next question. If you answered "no," please skip to Question #7.

6.      Was the defendant's negligent failure to issue post-sale warnings about the ball-hitch dryers' latent dangers a substantial factor in the cause of the damages sustained by the plaintiffs?

Yes _____    No _____

7.      Were the plaintiffs contributorily negligent?

Yes _____    No _____

If you answered "yes," please go to the next question. If you answered "no," please skip to Question #10.

8.       Was the plaintiffs' contributory negligence a substantial factor in the cause of their damages?

Yes _____    No _____

If you answered "yes," please go to the next question. If you answered "no," please skip to Question #10.

9.      What percentage of fault do assign the  parties:

Defendant _____        Plaintiffs _____

(The total percentage of fault must equal 100%, but you do not have to apportion the fault among both parties).

10.      How much do you award the plaintiffs to compensate them for the damages caused by the defective dryers?

Amount $_____ (USD)

(Note: If you entered an amount for Question #2, the amount entered here should be the same. If you did not enter an amount in your answer to Question #2, you must enter an amount here.)

11.     Do you find that the defendant recklessly or consciously disregarded the rights and safety of the plaintiffs?

Yes _____      No _____

If you answered "no," please sign, date and return this verdict sheet to the Court after checking it for accuracy. If you answered "yes," please answer Question #12.

12.     How much money should the defendant be ordered to pay as punishment for its bad conduct and to ensure that the defendant is deterred from doing the same thing again in the future?

Amount $_____ (USD)

If you have answered all questions and checked this verdict sheet for accuracy, please sign and date the form and return it to the Court.

**Please sign the Verdict Slip and notify the courtroom deputy that you have completed deliberations.**

**Date:_____**                                       _____
                                                                            **Foreperson**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE | : NO. 5:16-cv-04276-EGS |
| INDEMNITY COMPANY; ALLSTATE PROPERTY & | : |
| CASUALTY INSURANCE COMPANY; ALLSTATE | : |
| VEHICLE & PROPERTY INSURANCE COMPANY | : |
| | : |
| v. | : |
| | : JURY TRIAL DEMANDED |
| ELECTROLUX HOME PRODUCTS, INC. | : |

---

**DEFENDANT, ELECTROLUX HOME PRODUCTS, INC.'S**
**PROPOSED VERDICT SHEET - ALMODOVAR**

Defendant, Electrolux Home Products, Inc. ("Electrolux"), by and through its counsel, Nicolson Law Group LLC, respectfully submits the within Proposed Verdict Sheet.

Strict Liability

1. Do you find that the Almodovar dryer had a defect that made it unreasonably dangerous when it left Electrolux's control?

Yes _____     No _____

If you answered Question 1 "No," you should continue to Question 8.  If you answered Question 1 "Yes," you should continue to Question 2.

2. Was the unreasonably dangerous condition of the Almodovar dryer a factual cause of the fire at the Almodovar home and Allstate's damages?

Yes _____     No _____

If you answered Question 2 "No," you should continue to Question 8.  If you answered Question 2 "Yes," you should continue to Question 3.

3. Was the Almodovar dryer misused after it left Electrolux's control?

Yes _____     No _____

If you answered Question 3 "No," you should continue to Question 5.  If you answered Question 3 "Yes," you should continue to Question 4.

4.    Do you find that the misuse of the Almodovar dryer was a factual cause of the fire at the Almodovar home and Allstate's damages?

Yes _____    No _____

If you answered Question 4 "No," you should continue to Question 5.  If you answered Question 4 "Yes," you should continue to Question 8.

5.    Do you find that the Almodovar dryer was substantially altered after it left Electrolux's control?

Yes _____    No _____

If you answered Question 5 "No," you should continue to Question 7.  If you answered Question 5 "Yes," you should continue to Question 6.

6.    Do you find that the substantial alteration of the Almodovar dryer was a factual cause of the fire at the Almodovar home and Allstate's damages?

Yes _____    No _____

If you answered Question 6 "No," you should continue to Question 7.  If you answered Question 6 "Yes," you should continue to Question 8.

7.    Do you find that Brunilda and Anselmo Almodovar assumed the risk?

Yes _____    No _____

If you answered Question 7 "No," you should continue to Question 8.  If you answered Question 7 "Yes," you should continue to Question 8.

Negligence

8.    Do you find that Electrolux was negligent in designing and in providing warnings or instructions for the Almodovar dryer?

Yes _____    No _____

If you answered Question 8 "No," you should continue to Question 12.  If you answered Question 8 "Yes," you should continue to Question 9.

9.    Do you find that Electrolux's negligence in designing and in providing warnings or instructions for the Almodovar dryer was a factual cause of the fire at the Almodovar home and Allstate's damages?

Yes _____    No _____

If you answered Question 9 "No," you should continue to Question 12.  If you answered Question 9 "Yes," you should continue to Question 10.

10.     Do you find that Brunilda and Anselmo Almodovar were negligent?

Yes _____     No _____

If you answered Question 10 "No," you should continue to Question 12.  If you answered Question 10 "Yes," you should continue to Question 11.

11.     Do you find that Brunilda and Anselmo Almodovar's negligence was a factual cause of the fire at the Almodovar home and Allstate's damages?

Yes _____     No _____

If you answered Question 11 "No," you should continue to Question 12.  If you answered Question 11 "Yes," you should continue to Question 12.

<u>Damages</u>

12.     Did you answer "Yes" to Question 2 and "No" to Questions 4, 6 or 7?

Yes _____     No _____

If you answered Question 12 "No," you should continue to Question 13.  If you answered Question 12 "Yes", you should continue to Question 13.

13.     Did you answer "Yes" to Questions 9 and 11?

Yes _____     No _____

If you answered Question 13 "No," you should continue to Question 15.  If you answered Question 13 "Yes," you should continue to Question 14.

14.     For each of the parties that you found had acted negligently and whose conduct you found was a factual cause in bringing about Allstate's damages, you must assign a percentage of fault.  You must now decide the degree of negligence for each party you have found responsible for the Almodovar fire and Allstate's damages.  Each party's degree of fault should be expressed in a percentage so that the total percentages add up to 100.

Percentage attributable to Brunilda and Anselmo Almodovar
(Answer only if you have answered "Yes" to Questions
10 and 11 as to Brunilda and Anselmo Almodovar).          _____%

Percentage attributable to Electrolux

(Answer only if you have answered "Yes" to Questions 8 and 9                        _____%
as to Electrolux Home Products, Inc.)

**The total must equal 100%.**

Proceed to Question 15.

15.     Did you answer "Yes" to Questions 12 or 13?

Yes _____     No _____

If "No," Allstate cannot recover and you should not answer any further questions and return to the courtroom.  If "Yes," proceed to Question 16.

16.     State the amount of damages, if any, sustained by Allstate as a result of the Almodovar fire.

                $ _____


After you have completed your answers to these questions on the verdict form, signed by your foreperson, please notify the Court Staff that a decision has been reached and you will be called by the Judge back into the Courtroom.


Date: _____               _____
                                      JURY FOREPERSON

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE | : NO. 5:16-cv-04276-EGS |
| INDEMNITY COMPANY; ALLSTATE PROPERTY & | : |
| CASUALTY INSURANCE COMPANY; ALLSTATE | : |
| VEHICLE & PROPERTY INSURANCE COMPANY | : |
| | : |
| v. | : |
| | : JURY TRIAL DEMANDED |
| ELECTROLUX HOME PRODUCTS, INC. | : |

---

**DEFENDANT, ELECTROLUX HOME PRODUCTS, INC.'S
PROPOSED VERDICT SHEET - BULLENE**

Defendant, Electrolux Home Products, Inc. ("Electrolux"), by and through its counsel, Nicolson Law Group LLC, respectfully submits the within Proposed Verdict Sheet.

<u>Strict Liability</u>

1.      Do you find that the Bullene dryer had a defect that made it unreasonably dangerous when it left Electrolux's control?

Yes _____      No _____

If you answered Question 1 "No," you should continue to Question 8.  If you answered Question 1 "Yes," you should continue to Question 2.

2.      Was the unreasonably dangerous condition of the Bullene dryer a factual cause of the fire at Mamselle Salon and Allstate's damages?

Yes _____      No _____

If you answered Question 2 "No," you should continue to Question 8.  If you answered Question 2 "Yes," you should continue to Question 3.

3.      Was the Bullene dryer misused after it left Electrolux's control?

Yes _____      No _____

If you answered Question 3 "No," you should continue to Question 5.  If you answered Question 3 "Yes," you should continue to Question 4.

4.      Do you find that the misuse of the Bullene dryer was a factual cause of the fire at Mamselle Salon and Allstate's damages?

Yes _____      No _____

If you answered Question 4 "No," you should continue to Question 5.  If you answered Question 4 "Yes," you should continue to Question 8.

5.      Do you find that the Bullene dryer was substantially altered after it left Electrolux's control?

Yes _____      No _____

If you answered Question 5 "No," you should continue to Question 7.  If you answered Question 5 "Yes," you should continue to Question 6.

6.      Do you find that the substantial alteration of the Bullene dryer was a factual cause of the fire at Mamselle Salon and Allstate's damages?

Yes _____      No _____

If you answered Question 6 "No," you should continue to Question 7.  If you answered Question 6 "Yes," you should continue to Question 8.

7.      Do you find that Rachel Bullene assumed the risk?

Yes _____      No _____

If you answered Question 7 "No," you should continue to Question 8.  If you answered Question 7 "Yes," you should continue to Question 8.

<u>Negligence</u>

8.      Do you find that Electrolux was negligent in designing and in providing warnings or instructions for the Bullene dryer?

Yes _____      No _____

If you answered Question 8 "No," you should continue to Question 12.  If you answered Question 8 "Yes," you should continue to Question 9.

9.      Do you find that Electrolux's negligence in designing and in providing warnings or instructions for the Bullene dryer was a factual cause of the fire at Mamselle Salon and Allstate's damages?

Yes _____      No _____

If you answered Question 9 "No," you should continue to Question 12.  If you answered Question 9 "Yes," you should continue to Question 10.

10.     Do you find that Rachel Bullene was negligent?

Yes _____     No _____

If you answered Question 10 "No," you should continue to Question 12.  If you answered Question 10 "Yes," you should continue to Question 11.

11.     Do you find that Rachel Bullene's negligence was a factual cause of the fire at Mamselle Salon and Allstate's damages?

Yes _____     No _____

If you answered Question 11 "No," you should continue to Question 12.  If you answered Question 11 "Yes," you should continue to Question 12.

Damages

12.     Did you answer "Yes" to Question 2 and "No" to Questions 4, 6 or 7?

Yes _____     No _____

If you answered Question 12 "No," you should continue to Question 13.  If you answered Question 12 "Yes", you should continue to Question 13.

13.     Did you answer "Yes" to Questions 9 and 11?

Yes _____     No _____

If you answered Question 13 "No," you should continue to Question 15.  If you answered Question 13 "Yes," you should continue to Question 14.

14.     For each of the parties that you found had acted negligently and whose conduct you found was a factual cause in bringing about Allstate's damages, you must assign a percentage of fault.  You must now decide the degree of negligence for each party you have found responsible for the Bullene fire and Allstate's damages.  Each party's degree of fault should be expressed in a percentage so that the total percentages add up to 100.

Percentage attributable to Rachel Bullene
(Answer only if you have answered "Yes" to Questions
10 and 11 as to Rachel Bullene).                        _____%

Percentage attributable to Electrolux

(Answer only if you have answered "Yes" to Questions 8 and 9        _____%
as to Electrolux Home Products, Inc.)

**The total must equal 100%.**

Proceed to Question 15.

15.     Did you answer "Yes" to Questions 12 or 13?

Yes _____     No _____

If "No," Allstate cannot recover and you should not answer any further questions and
return to the courtroom.  If "Yes," proceed to Question 16.

16.     State the amount of damages, if any, sustained by Allstate as a result of the
Bullene fire.

$ _____

After you have completed your answers to these questions on the verdict form, signed
by your foreperson, please notify the Court Staff that a decision has been reached and you will
be called by the Judge back into the Courtroom.

Date: _____                    _____
                                            JURY FOREPERSON

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE | : NO. 5:16-cv-04276-EGS |
| INDEMNITY COMPANY; ALLSTATE PROPERTY & | : |
| CASUALTY INSURANCE COMPANY; ALLSTATE | : |
| VEHICLE & PROPERTY INSURANCE COMPANY | : |
| | : |
| v. | : |
| | : JURY TRIAL DEMANDED |
| ELECTROLUX HOME PRODUCTS, INC. | : |

---

**DEFENDANT, ELECTROLUX HOME PRODUCTS, INC.'S
PROPOSED VERDICT SHEET - CHRISTIE**

Defendant, Electrolux Home Products, Inc. ("Electrolux"), by and through its counsel, Nicolson Law Group LLC, respectfully submits the within Proposed Verdict Sheet.

<u>Strict Liability</u>

1.      Do you find that the Christie dryer had a defect that made it unreasonably dangerous when it left Electrolux's control?

Yes _____      No _____

If you answered Question 1 "No," you should continue to Question 8.  If you answered Question 1 "Yes," you should continue to Question 2.

2.      Was the unreasonably dangerous condition of the Christie dryer a factual cause of the fire at the Christie home and Allstate's damages?

Yes _____      No _____

If you answered Question 2 "No," you should continue to Question 8.  If you answered Question 2 "Yes," you should continue to Question 3.

3.      Was the Christie dryer misused after it left Electrolux's control?

Yes _____      No _____

If you answered Question 3 "No," you should continue to Question 5.  If you answered Question 3 "Yes," you should continue to Question 4.

4.      Do you find that the misuse of the Christie dryer was a factual cause of the fire at the Christie home and Allstate's damages?

Yes _____      No _____

If you answered Question 4 "No," you should continue to Question 5.  If you answered Question 4 "Yes," you should continue to Question 8.

5.      Do you find that the Christie dryer was substantially altered after it left Electrolux's control?

Yes _____      No _____

If you answered Question 5 "No," you should continue to Question 7.  If you answered Question 5 "Yes," you should continue to Question 6.

6.      Do you find that the substantial alteration of the Christie dryer was a factual cause of the fire at the Christie home and Allstate's damages?

Yes _____      No _____

If you answered Question 6 "No," you should continue to Question 7.  If you answered Question 6 "Yes," you should continue to Question 8.

7.      Do you find that Cynthia and Benson Christie assumed the risk?

Yes _____      No _____

If you answered Question 7 "No," you should continue to Question 8.  If you answered Question 7 "Yes," you should continue to Question 8.

Negligence

8.      Do you find that Electrolux was negligent in designing and in providing warnings or instructions for the Christie dryer?

Yes _____      No _____

If you answered Question 8 "No," you should continue to Question 12.  If you answered Question 8 "Yes," you should continue to Question 9.

9.      Do you find that Electrolux's negligence in designing and in providing warnings or instructions for the Christie dryer was a factual cause of the fire at the Christie home and Allstate's damages?

Yes _____      No _____

If you answered Question 9 "No," you should continue to Question 12.  If you answered Question 9 "Yes," you should continue to Question 10.

10.     Do you find that Cynthia and Benson Christie were negligent?

Yes _____     No _____

If you answered Question 10 "No," you should continue to Question 12.  If you answered Question 10 "Yes," you should continue to Question 11.

11.     Do you find that Cynthia and Benson Christie's negligence was a factual cause of the fire at the Christie home and Allstate's damages?

Yes _____     No _____

If you answered Question 11 "No," you should continue to Question 12.  If you answered Question 11 "Yes," you should continue to Question 12.

<u>Damages</u>

12.     Did you answer "Yes" to Question 2 and "No" to Questions 4, 6 or 7?

Yes _____     No _____

If you answered Question 12 "No," you should continue to Question 13.  If you answered Question 12 "Yes", you should continue to Question 13.

13.     Did you answer "Yes" to Questions 9 and 11?

Yes _____     No _____

If you answered Question 13 "No," you should continue to Question 15.  If you answered Question 13 "Yes," you should continue to Question 14.

14.     For each of the parties that you found had acted negligently and whose conduct you found was a factual cause in bringing about Allstate's damages, you must assign a percentage of fault. You must now decide the degree of negligence for each party you have found responsible for the Christie fire and Allstate's damages.  Each party's degree of fault should be expressed in a percentage so that the total percentages add up to 100.

Percentage attributable to Cynthia and Benson Christie
(Answer only if you have answered "Yes" to Questions
10 and 11 as to Cynthia and Benson Christie).          _____%

Percentage attributable to Electrolux

(Answer only if you have answered "Yes" to Questions 8 and 9          _____%
as to Electrolux Home Products, Inc.)

**The total must equal 100%.**

       Proceed to Question 15.

       15.     Did you answer "Yes" to Questions 12 or 13?

Yes _____        No _____

       If "No," Allstate cannot recover and you should not answer any further questions and return to the courtroom.  If "Yes," proceed to Question 16.

       16.     State the amount of damages, if any, sustained by Allstate as a result of the Christie fire.

               $ _____

       After you have completed your answers to these questions on the verdict form, signed by your foreperson, please notify the Court Staff that a decision has been reached and you will be called by the Judge back into the Courtroom.

Date: _____

                                      _____
                                      JURY FOREPERSON

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE INDEMNITY COMPANY; ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY; ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY | : NO. 5:16-cv-04276-EGS<br>:<br>:<br>:<br>: |
| v. | :<br>: |
| ELECTROLUX HOME PRODUCTS, INC. | : JURY TRIAL DEMANDED<br>: |

**DEFENDANT, ELECTROLUX HOME PRODUCTS, INC.'S**
**PROPOSED VERDICT SHEET - GRAY**

Defendant, Electrolux Home Products, Inc. ("Electrolux"), by and through its counsel, Nicolson Law Group LLC, respectfully submits the within Proposed Verdict Sheet.

Strict Liability

1.      Do you find that the Gray dryer had a defect that made it unreasonably dangerous when it left Electrolux's control?

Yes _____      No _____

If you answered Question 1 "No," you should continue to Question 8.  If you answered Question 1 "Yes," you should continue to Question 2.

2.      Was the unreasonably dangerous condition of the Gray dryer a factual cause of the fire at the Gray home and Allstate's damages?

Yes _____      No _____

If you answered Question 2 "No," you should continue to Question 8.  If you answered Question 2 "Yes," you should continue to Question 3.

3.      Was the Gray dryer misused after it left Electrolux's control?

Yes _____      No _____

If you answered Question 3 "No," you should continue to Question 5.  If you answered Question 3 "Yes," you should continue to Question 4.

4.      Do you find that the misuse of the Gray dryer was a factual cause of the fire at the Gray home and Allstate's damages?

Yes _____      No _____

If you answered Question 4 "No," you should continue to Question 5.  If you answered Question 4 "Yes," you should continue to Question 8.

5.      Do you find that the Gray dryer was substantially altered after it left Electrolux's control?

Yes _____      No _____

If you answered Question 5 "No," you should continue to Question 7.  If you answered Question 5 "Yes," you should continue to Question 6.

6.      Do you find that the substantial alteration of the Gray dryer was a factual cause of the fire at the Gray home and Allstate's damages?

Yes _____      No _____

If you answered Question 6 "No," you should continue to Question 7.  If you answered Question 6 "Yes," you should continue to Question 8.

7.      Do you find that Robert and Delores Gray assumed the risk?

Yes _____      No _____

If you answered Question 7 "No," you should continue to Question 8.  If you answered Question 7 "Yes," you should continue to Question 8.

Negligence

8.      Do you find that Electrolux was negligent in designing and in providing warnings or instructions for the Gray dryer?

Yes _____      No _____

If you answered Question 8 "No," you should continue to Question 12.  If you answered Question 8 "Yes," you should continue to Question 9.

9.      Do you find that Electrolux's negligence in designing and in providing warnings or instructions for the Gray dryer was a factual cause of the fire at the Gray home and Allstate's damages?

Yes _____      No _____

If you answered Question 9 "No," you should continue to Question 12.  If you answered Question 9 "Yes," you should continue to Question 10.

10.     Do you find that Robert and Delores Gray were negligent?

Yes _____     No _____

If you answered Question 10 "No," you should continue to Question 12.  If you answered Question 10 "Yes," you should continue to Question 11.

11.     Do you find that Robert and Delores Gray's negligence was a factual cause of the fire at the Gray home and Allstate's damages?

Yes _____     No _____

If you answered Question 11 "No," you should continue to Question 12.  If you answered Question 11 "Yes," you should continue to Question 12.

Damages

12.     Did you answer "Yes" to Question 2 and "No" to Questions 4, 6 or 7?

Yes _____     No _____

If you answered Question 12 "No," you should continue to Question 13.  If you answered Question 12 "Yes", you should continue to Question 13.

13.     Did you answer "Yes" to Questions 9 and 11?

Yes _____     No _____

If you answered Question 13 "No," you should continue to Question 15.  If you answered Question 13 "Yes," you should continue to Question 14.

14.     For each of the parties that you found had acted negligently and whose conduct you found was a factual cause in bringing about Allstate's damages, you must assign a percentage of fault.  You must now decide the degree of negligence for each party you have found responsible for the Gray fire and Allstate's damages.  Each party's degree of fault should be expressed in a percentage so that the total percentages add up to 100.

Percentage attributable to Robert and Delores Gray
(Answer only if you have answered "Yes" to Questions
10 and 11 as to Robert and Delores Gray).          _____%

Percentage attributable to Electrolux

(Answer only if you have answered "Yes" to Questions 8 and 9            _____%
as to Electrolux Home Products, Inc.)

                                                    **The total must equal 100%.**

Proceed to Question 15.

15.    Did you answer "Yes" to Questions 12 or 13?

Yes _____      No _____

If "No," Allstate cannot recover and you should not answer any further questions and
return to the courtroom.  If "Yes," proceed to Question 16.

16.    State the amount of damages, if any, sustained by Allstate as a result of the Gray
fire.

        $ _____

After you have completed your answers to these questions on the verdict form, signed
by your foreperson, please notify the Court Staff that a decision has been reached and you will
be called by the Judge back into the Courtroom.

Date: _____

                            _____
                            JURY FOREPERSON

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE INDEMNITY COMPANY; ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY; ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY | : NO. 5:16-cv-04276-EGS<br>:<br>:<br>:<br>: |
| v. | : |
| | : JURY TRIAL DEMANDED |
| ELECTROLUX HOME PRODUCTS, INC. | : |

**DEFENDANT, ELECTROLUX HOME PRODUCTS, INC.'S
PROPOSED VERDICT SHEET - GUTIERREZ**

Defendant, Electrolux Home Products, Inc. ("Electrolux"), by and through its counsel, Nicolson Law Group LLC, respectfully submits the within Proposed Verdict Sheet.

Strict Liability

1. Do you find that the Gutierrez dryer had a defect that made it unreasonably dangerous when it left Electrolux's control?

Yes _____    No _____

If you answered Question 1 "No," you should continue to Question 8. If you answered Question 1 "Yes," you should continue to Question 2.

2. Was the unreasonably dangerous condition of the Gutierrez dryer a factual cause of the fire at the Gutierrez home and Allstate's damages?

Yes _____    No _____

If you answered Question 2 "No," you should continue to Question 8. If you answered Question 2 "Yes," you should continue to Question 3.

3. Was the Gutierrez dryer misused after it left Electrolux's control?

Yes _____    No _____

If you answered Question 3 "No," you should continue to Question 5. If you answered Question 3 "Yes," you should continue to Question 4.

4. Do you find that the misuse of the Gutierrez dryer was a factual cause of the fire at the Gutierrez home and Allstate's damages?

Yes _____      No _____

If you answered Question 4 "No," you should continue to Question 5.  If you answered Question 4 "Yes," you should continue to Question 8.

5.      Do you find that the Gutierrez dryer was substantially altered after it left Electrolux's control?

Yes _____      No _____

If you answered Question 5 "No," you should continue to Question 7.  If you answered Question 5 "Yes," you should continue to Question 6.

6.      Do you find that the substantial alteration of the Gutierrez dryer was a factual cause of the fire at the Gutierrez home and Allstate's damages?

Yes _____      No _____

If you answered Question 6 "No," you should continue to Question 7.  If you answered Question 6 "Yes," you should continue to Question 8.

7.      Do you find that Gerry and Elizabeth Gutierrez assumed the risk?

Yes _____      No _____

If you answered Question 7 "No," you should continue to Question 8.  If you answered Question 7 "Yes," you should continue to Question 8.

<u>Negligence</u>

8.      Do you find that Electrolux was negligent in designing and in providing warnings or instructions for the Gutierrez dryer?

Yes _____      No _____

If you answered Question 8 "No," you should continue to Question 12.  If you answered Question 8 "Yes," you should continue to Question 9.

9.      Do you find that Electrolux's negligence in designing and in providing warnings or instructions for the Gutierrez dryer was a factual cause of the fire at the Gutierrez home and Allstate's damages?

Yes _____      No _____

If you answered Question 9 "No," you should continue to Question 12.  If you answered Question 9 "Yes," you should continue to Question 10.

10.     Do you find that Gerry and Elizabeth Gutierrez were negligent?

Yes _____     No _____

If you answered Question 10 "No," you should continue to Question 12.  If you answered Question 10 "Yes," you should continue to Question 11.

11.     Do you find that Gerry and Elizabeth Gutierrez's negligence was a factual cause of the fire at the Gutierrez home and Allstate's damages?

Yes _____     No _____

If you answered Question 11 "No," you should continue to Question 12.  If you answered Question 11 "Yes," you should continue to Question 12.

Damages

12.     Did you answer "Yes" to Question 2 and "No" to Questions 4, 6 or 7?

Yes _____     No _____

If you answered Question 12 "No," you should continue to Question 13.  If you answered Question 12 "Yes", you should continue to Question 13.

13.     Did you answer "Yes" to Questions 9 and 11?

Yes _____     No _____

If you answered Question 13 "No," you should continue to Question 15.  If you answered Question 13 "Yes," you should continue to Question 14.

14.     For each of the parties that you found had acted negligently and whose conduct you found was a factual cause in bringing about Allstate's damages, you must assign a percentage of fault. You must now decide the degree of negligence for each party you have found responsible for the Gutierrez fire and Allstate's damages.  Each party's degree of fault should be expressed in a percentage so that the total percentages add up to 100.

Percentage attributable to Gerry and Elizabeth Gutierrez
(Answer only if you have answered "Yes" to Questions
10 and 11 as to Gerry and Elizabeth Gutierrez).                _____%

Percentage attributable to Electrolux
(Answer only if you have answered "Yes" to Questions 8 and 9         _____%
as to Electrolux Home Products, Inc.)

**The total must equal 100%.**

Proceed to Question 15.

15.    Did you answer "Yes" to Questions 12 or 13?

Yes _____    No _____

If "No," Allstate cannot recover and you should not answer any further questions and return to the courtroom.  If "Yes," proceed to Question 16.

16.    State the amount of damages, if any, sustained by Allstate as a result of the Gutierrez fire.

$ _____


After you have completed your answers to these questions on the verdict form, signed by your foreperson, please notify the Court Staff that a decision has been reached and you will be called by the Judge back into the Courtroom.


Date: _____            _____
                                    JURY FOREPERSON

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE | : NO. 5:16-cv-04276-EGS |
| INDEMNITY COMPANY; ALLSTATE PROPERTY & | : |
| CASUALTY INSURANCE COMPANY; ALLSTATE | : |
| VEHICLE & PROPERTY INSURANCE COMPANY | : |
| | : |
| v. | : |
| | : JURY TRIAL DEMANDED |
| ELECTROLUX HOME PRODUCTS, INC. | : |

---

**DEFENDANT, ELECTROLUX HOME PRODUCTS, INC.'S
PROPOSED VERDICT SHEET – QUINN**

Defendant, Electrolux Home Products, Inc. ("Electrolux"), by and through its counsel, Nicolson Law Group LLC, respectfully submits the within Proposed Verdict Sheet.

Strict Liability

1.      Do you find that the Quinn dryer had a defect that made it unreasonably dangerous when it left Electrolux's control?

Yes _____      No _____

If you answered Question 1 "No," you should continue to Question 8.  If you answered Question 1 "Yes," you should continue to Question 2.

2.      Was the unreasonably dangerous condition of the Quinn dryer a factual cause of the fire at the Quinn home and Allstate's damages?

Yes _____      No _____

If you answered Question 2 "No," you should continue to Question 8.  If you answered Question 2 "Yes," you should continue to Question 3.

3.      Was the Quinn dryer misused after it left Electrolux's control?

Yes _____      No _____

If you answered Question 3 "No," you should continue to Question 5.  If you answered Question 3 "Yes," you should continue to Question 4.

4.      Do you find that the misuse of the Quinn dryer was a factual cause of the fire at the Quinn home and Allstate's damages?

Yes _____    No _____

If you answered Question 4 "No," you should continue to Question 5.  If you answered Question 4 "Yes," you should continue to Question 8.

5.    Do you find that the Quinn dryer was substantially altered after it left Electrolux's control?

Yes _____    No _____

If you answered Question 5 "No," you should continue to Question 7.  If you answered Question 5 "Yes," you should continue to Question 6.

6.    Do you find that the substantial alteration of the Quinn dryer was a factual cause of the fire at the Quinn home and Allstate's damages?

Yes _____    No _____

If you answered Question 6 "No," you should continue to Question 7.  If you answered Question 6 "Yes," you should continue to Question 8.

7.    Do you find that Jennifer and Daniel Quinn assumed the risk?

Yes _____    No _____

If you answered Question 7 "No," you should continue to Question 8.  If you answered Question 7 "Yes," you should continue to Question 8.

<u>Negligence</u>

8.    Do you find that Electrolux was negligent in designing and in providing warnings or instructions for the Quinn dryer?

Yes _____    No _____

If you answered Question 8 "No," you should continue to Question 12.  If you answered Question 8 "Yes," you should continue to Question 9.

9.    Do you find that Electrolux's negligence in designing and in providing warnings or instructions for the Quinn dryer was a factual cause of the fire at the Quinn home and Allstate's damages?

Yes _____    No _____

If you answered Question 9 "No," you should continue to Question 12.  If you answered Question 9 "Yes," you should continue to Question 10.

10.     Do you find that Jennifer and Daniel Quinn were negligent?

Yes _____     No _____

If you answered Question 10 "No," you should continue to Question 12.  If you answered Question 10 "Yes," you should continue to Question 11.

11.     Do you find that Jennifer and Daniel Quinn's negligence was a factual cause of the fire at the Quinn home and Allstate's damages?

Yes _____     No _____

If you answered Question 11 "No," you should continue to Question 12.  If you answered Question 11 "Yes," you should continue to Question 12.

<u>Damages</u>

12.     Did you answer "Yes" to Question 2 and "No" to Questions 4, 6 or 7?

Yes _____     No _____

If you answered Question 12 "No," you should continue to Question 13.  If you answered Question 12 "Yes", you should continue to Question 13.

13.     Did you answer "Yes" to Questions 9 and 11?

Yes _____     No _____

If you answered Question 13 "No," you should continue to Question 15.  If you answered Question 13 "Yes," you should continue to Question 14.

14.     For each of the parties that you found had acted negligently and whose conduct you found was a factual cause in bringing about Allstate's damages, you must assign a percentage of fault.  You must now decide the degree of negligence for each party you have found responsible for the Quinn fire and Allstate's damages.  Each party's degree of fault should be expressed in a percentage so that the total percentages add up to 100.

Percentage attributable to Jennifer and Daniel Quinn
(Answer only if you have answered "Yes" to Questions
10 and 11 as to Jennifer and Daniel Quinn).                    _____%

Percentage attributable to Electrolux
(Answer only if you have answered "Yes" to Questions 8 and 9          _____%
as to Electrolux Home Products, Inc.)

**The total must equal 100%.**

Proceed to Question 15.

15.     Did you answer "Yes" to Questions 12 or 13?

Yes _____     No _____

If "No," Allstate cannot recover and you should not answer any further questions and return to the courtroom.  If "Yes," proceed to Question 16.

16.     State the amount of damages, if any, sustained by Allstate as a result of the Quinn fire.

$ _____


After you have completed your answers to these questions on the verdict form, signed by your foreperson, please notify the Court Staff that a decision has been reached and you will be called by the Judge back into the Courtroom.


Date: _____                    _____
                                            JURY FOREPERSON

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE | : NO. 5:16-cv-04276-EGS |
| INDEMNITY COMPANY; ALLSTATE PROPERTY & | : |
| CASUALTY INSURANCE COMPANY; ALLSTATE | : |
| VEHICLE & PROPERTY INSURANCE COMPANY | : |
| | : |
| v. | : |
| | : JURY TRIAL DEMANDED |
| ELECTROLUX HOME PRODUCTS, INC. | : |

**DEFENDANT, ELECTROLUX HOME PRODUCTS, INC.'S
PROPOSED VERDICT SHEET – VENBRUX**

Defendant, Electrolux Home Products, Inc. ("Electrolux"), by and through its counsel, Nicolson Law Group LLC, respectfully submits the within Proposed Verdict Sheet.

<u>Strict Liability</u>

1.      Do you find that the Venbrux dryer had a defect that made it unreasonably dangerous when it left Electrolux's control?

Yes _____      No _____

If you answered Question 1 "No," you should continue to Question 8.  If you answered Question 1 "Yes," you should continue to Question 2.

2.      Was the unreasonably dangerous condition of the Venbrux dryer a factual cause of the fire at the Venbrux home and Allstate's damages?

Yes _____      No _____

If you answered Question 2 "No," you should continue to Question 8.  If you answered Question 2 "Yes," you should continue to Question 3.

3.      Was the Venbrux dryer misused after it left Electrolux's control?

Yes _____      No _____

If you answered Question 3 "No," you should continue to Question 5.  If you answered Question 3 "Yes," you should continue to Question 4.

4.      Do you find that the misuse of the Venbrux dryer was a factual cause of the fire at the Venbrux home and Allstate's damages?

Yes _____      No _____

If you answered Question 4 "No," you should continue to Question 5.  If you answered Question 4 "Yes," you should continue to Question 8.

5.      Do you find that the Venbrux dryer was substantially altered after it left Electrolux's control?

Yes _____      No _____

If you answered Question 5 "No," you should continue to Question 7.  If you answered Question 5 "Yes," you should continue to Question 6.

6.      Do you find that the substantial alteration of the Venbrux dryer was a factual cause of the fire at the Venbrux home and Allstate's damages?

Yes _____      No _____

If you answered Question 6 "No," you should continue to Question 7.  If you answered Question 6 "Yes," you should continue to Question 8.

7.      Do you find that Greg and Salome Venbrux assumed the risk?

Yes _____      No _____

If you answered Question 7 "No," you should continue to Question 8.  If you answered Question 7 "Yes," you should continue to Question 8.

<u>Negligence</u>

8.      Do you find that Electrolux was negligent in designing and in providing warnings or instructions for the Venbrux dryer?

Yes _____      No _____

If you answered Question 8 "No," you should continue to Question 12.  If you answered Question 8 "Yes," you should continue to Question 9.

9.      Do you find that Electrolux's negligence in designing and in providing warnings or instructions for the Venbrux dryer was a factual cause of the fire at the Venbrux home and Allstate's damages?

Yes _____      No _____

If you answered Question 9 "No," you should continue to Question 12.  If you answered Question 9 "Yes," you should continue to Question 10.

10.     Do you find that Greg and Salome Venbrux were negligent?

Yes _____     No _____

If you answered Question 10 "No," you should continue to Question 12.  If you answered Question 10 "Yes," you should continue to Question 11.

11.     Do you find that Greg and Salome Venbrux's negligence was a factual cause of the fire at the Venbrux home and Allstate's damages?

Yes _____     No _____

If you answered Question 11 "No," you should continue to Question 12.  If you answered Question 11 "Yes," you should continue to Question 12.

Damages

12.     Did you answer "Yes" to Question 2 and "No" to Questions 4, 6 or 7?

Yes _____     No _____

If you answered Question 12 "No," you should continue to Question 13.  If you answered Question 12 "Yes", you should continue to Question 13.

13.     Did you answer "Yes" to Questions 9 and 11?

Yes _____     No _____

If you answered Question 13 "No," you should continue to Question 15.  If you answered Question 13 "Yes," you should continue to Question 14.

14.     For each of the parties that you found had acted negligently and whose conduct you found was a factual cause in bringing about Allstate's damages, you must assign a percentage of fault.  You must now decide the degree of negligence for each party you have found responsible for the Venbrux fire and Allstate's damages.  Each party's degree of fault should be expressed in a percentage so that the total percentages add up to 100.

Percentage attributable to Greg and Salome Venbrux
(Answer only if you have answered "Yes" to Questions
10 and 11 as to Greg and Salome Venbrux).                    _____%

Percentage attributable to Electrolux

(Answer only if you have answered "Yes" to Questions 8 and 9          _____%
as to Electrolux Home Products, Inc.)

**The total must equal 100%.**

Proceed to Question 15.

15.     Did you answer "Yes" to Questions 12 or 13?

Yes _____     No _____

If "No," Allstate cannot recover and you should not answer any further questions and return to the courtroom.  If "Yes," proceed to Question 16.

16.     State the amount of damages, if any, sustained by Allstate as a result of the Venbrux fire.

$ _____

After you have completed your answers to these questions on the verdict form, signed by your foreperson, please notify the Court Staff that a decision has been reached and you will be called by the Judge back into the Courtroom.

Date: _____          _____
                                JURY FOREPERSON

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE | : NO. 5:16-cv-04276-EGS |
| INDEMNITY COMPANY; ALLSTATE PROPERTY & | : |
| CASUALTY INSURANCE COMPANY; ALLSTATE | : |
| VEHICLE & PROPERTY INSURANCE COMPANY | : |
| | : |
| v. | : |
| | : JURY TRIAL DEMANDED |
| ELECTROLUX HOME PRODUCTS, INC. | : |

**DEFENDANT, ELECTROLUX HOME PRODUCTS, INC.'S
<u>PROPOSED VERDICT SHEET – WEISS</u>**

Defendant, Electrolux Home Products, Inc. ("Electrolux"), by and through its counsel, Nicolson Law Group LLC, respectfully submits the within Proposed Verdict Sheet.

<u>Strict Liability</u>

1.      Do you find that the Weiss dryer had a defect that made it unreasonably dangerous when it left Electrolux's control?

Yes _____      No _____

If you answered Question 1 "No," you should continue to Question 8.  If you answered Question 1 "Yes," you should continue to Question 2.

2.      Was the unreasonably dangerous condition of the Weiss dryer a factual cause of the fire at the Weiss home and Allstate's damages?

Yes _____      No _____

If you answered Question 2 "No," you should continue to Question 8.  If you answered Question 2 "Yes," you should continue to Question 3.

3.      Was the Weiss dryer misused after it left Electrolux's control?

Yes _____      No _____

If you answered Question 3 "No," you should continue to Question 5.  If you answered Question 3 "Yes," you should continue to Question 4.

4.    Do you find that the misuse of the Weiss dryer was a factual cause of the fire at the Weiss home and Allstate's damages?

Yes _____    No _____

If you answered Question 4 "No," you should continue to Question 5.  If you answered Question 4 "Yes," you should continue to Question 8.

5.    Do you find that the Weiss dryer was substantially altered after it left Electrolux's control?

Yes _____    No _____

If you answered Question 5 "No," you should continue to Question 7.  If you answered Question 5 "Yes," you should continue to Question 6.

6.    Do you find that the substantial alteration of the Weiss dryer was a factual cause of the fire at the Weiss home and Allstate's damages?

Yes _____    No _____

If you answered Question 6 "No," you should continue to Question 7.  If you answered Question 6 "Yes," you should continue to Question 8.

7.    Do you find that Marc and Lisa Weiss assumed the risk?

Yes _____    No _____

If you answered Question 7 "No," you should continue to Question 8.  If you answered Question 7 "Yes," you should continue to Question 8.

<u>Negligence</u>

8.    Do you find that Electrolux was negligent in designing and in providing warnings or instructions for the Weiss dryer?

Yes _____    No _____

If you answered Question 8 "No," you should continue to Question 12.  If you answered Question 8 "Yes," you should continue to Question 9.

9.    Do you find that Electrolux's negligence in designing and in providing warnings or instructions for the Weiss dryer was a factual cause of the fire at the Weiss home and Allstate's damages?

Yes _____    No _____

If you answered Question 9 "No," you should continue to Question 12.  If you answered Question 9 "Yes," you should continue to Question 10.

10.     Do you find that Marc and Lisa Weiss were negligent?

Yes _____     No _____

If you answered Question 10 "No," you should continue to Question 12.  If you answered Question 10 "Yes," you should continue to Question 11.

11.     Do you find that Marc and Lisa Weiss' negligence was a factual cause of the fire at the Weiss home and Allstate's damages?

Yes _____     No _____

If you answered Question 11 "No," you should continue to Question 12.  If you answered Question 11 "Yes," you should continue to Question 12.

<u>Damages</u>

12.     Did you answer "Yes" to Question 2 and "No" to Questions 4, 6 or 7?

Yes _____     No _____

If you answered Question 12 "No," you should continue to Question 13.  If you answered Question 12 "Yes", you should continue to Question 13.

13.     Did you answer "Yes" to Questions 9 and 11?

Yes _____     No _____

If you answered Question 13 "No," you should continue to Question 15.  If you answered Question 13 "Yes," you should continue to Question 14.

14.     For each of the parties that you found had acted negligently and whose conduct you found was a factual cause in bringing about Allstate's damages, you must assign a percentage of fault.  You must now decide the degree of negligence for each party you have found responsible for the Weiss fire and Allstate's damages.  Each party's degree of fault should be expressed in a percentage so that the total percentages add up to 100.

Percentage attributable to Marc and Lisa Weiss
(Answer only if you have answered "Yes" to Questions
10 and 11 as to Marc and Lisa Weiss).                    _____%

Percentage attributable to Electrolux

(Answer only if you have answered "Yes" to Questions 8 and 9       _____%
as to Electrolux Home Products, Inc.)

**                                          The total must equal 100%.**

Proceed to Question 15.

15.     Did you answer "Yes" to Questions 12 or 13?

Yes _____     No _____

If "No," Allstate cannot recover and you should not answer any further questions and return to the courtroom.  If "Yes," proceed to Question 16.

16.     State the amount of damages, if any, sustained by Allstate as a result of the Weiss fire.

$ _____

After you have completed your answers to these questions on the verdict form, signed by your foreperson, please notify the Court Staff that a decision has been reached and you will be called by the Judge back into the Courtroom.


Date: _____                          _____

                                                      JURY FOREPERSON